(66 App. Div. 544.)

MOIR v. FLOOD et al.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

1. MORTGAGES—FORECLOSURE BY ACTION—SALE—COMPLETION — ADJOURNMENT BY REFEREE—DEFECT OF TITLE.
   Where, on foreclosure of a mortgage by action and sale of the premises, the purchaser pays a portion of the purchase money, and signs the terms of sale, fixing a specific date for completion of the purchase, and in the meantime he discovers defects in the title and proceedings, the referee, as an officer of the court, has power, on application of the trustee and against the protest of the purchaser, to grant an adjournment of the completion of the sale to enable the trustee to perfect the title.

2. SAME—OUTSTANDING INTEREST—DOWER—RELEASE OF PURCHASER.
   Where, after a sale on foreclosure of a mortgage by action and before the completion of the sale, the purchaser discovers that there is an outstanding dower interest in the premises, the title is unmarketable, and he should be relieved of his purchase.

3. SAME—MOTION FOR RELEASE.
   Where the purchaser at a mortgage foreclosure sale moves to be relieved of his purchase on the ground that there is an outstanding dower interest, the fact that between the time fixed for completion of the sale and the hearing of such motion the trustee had procured an assignment of such interest to a third person, who says he is ready and willing to assign it to the purchaser, but has made no tender of such assignment, furnishes no ground for denying the motion.

4. SAME—ACTION TO FORECLOSE—PARTIES.
   Where a mortgagor died, leaving a will, by which title to the premises was devised to two trustees, a failure to make such trustees parties to an action to foreclose the mortgage renders the title of a purchaser at the sale unmarketable, and he should be relieved of the purchase.

5. SAME—RECORD ON APPEAL—CONSTRUCTION.
   Where a mortgagor devised the premises to trustees, and in a foreclosure suit the record on appeal shows an affidavit of the purchaser at the sale, made on a motion to be relieved from his purchase, in which he alleges that the mortgagee has failed to make the trustees parties, that the mortgagor's will has been filed for probate, the terms of the trust, and that it is still active, and the record also shows an affidavit by the mortgagee's attorney in which the pendency of probate proceedings is admitted, the record sufficiently shows the existence of the will, the interest of the trustees in the property, and that they should have been parties defendant to the foreclosure suit.

6. SAME—UNKNOWN PARTIES—SERVICE—PUBLICATION.
   Where a mortgagor died, leaving a will, by which title to the premises is devised to trustees, and the complaint in an action to foreclose the mortgage is barren of any allegation relating to such trustees, and there is no pretense that they are unknown to plaintiff, the service of

the summons on unknown persons by publication, as authorized by Code Civ. Proc. § 451, is not a service on such trustees.

Hatch, J., dissenting in part.

Appeal from special term, New York county.

Mortgage foreclosure by Emily H. Moir, as surviving trustee for Johannah S. Seymour, against Rose Flood and others, defendants, in which Adolph Cohn became purchaser. From an order relieving Adolph Cohn from completing the purchase, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

H. B. Closson, for appellant.

Walter B. Hopping, for respondent.

McLAUGHLIN, J. This action was brought for the foreclosure of a mortgage upon certain real estate in the city of New York. It proceeded to judgment, and in pursuance thereof, on the 22d of August, 1901, the premises were sold at public auction to one Bendheim, who then paid 10 per cent. of the purchase money, and signed terms of sale, which, among other things, fixed the 9th of September following as the time for the final completion of the purchase. Intermediate the sale and the 9th of September, Bendheim assigned his bid, with the consent of the referee, to the respondent, Cohn. On the 9th of September the completion of the sale was adjourned by mutual consent to the 12th, and on the 12th to the 16th, and on the 16th until the 18th. These adjournments were taken for the purpose of enabling the plaintiff to cure certain defects alleged to exist in the title proposed to be given. On the 18th the respondent was ready and willing to complete his purchase, provided he could obtain a marketable title. He made two objections, however, to the title tendered,—one, that there was an outstanding dower interest in one Helen M. Cain, widow of Michael Cain, deceased, who gave the mortgage foreclosed, and who was, at the time of his death, the owner of the premises covered by it; and the other that under the will of Michael Cain, deceased, the title to the real estate covered by the mortgage was in two trustees, named in his will, and that they were not made parties defendants to the action. The plaintiff thereupon applied to the referee for an adjournment for the purpose of removing these alleged defects, which was objected to by the respondent. The objection was overruled, and further proceedings adjourned until the 25th of the same month. On this date Cohn did not appear, but instead he served upon the referee and the plaintiff's attorney an affidavit and notice of motion that he would apply to the court, at the time stated in the notice, for an order relieving him from his purchase. The motion coming on to be heard, the same was granted upon the ground, as appears from the opinion delivered by the learned justice sitting at special term, that the referee had no power, against the objection of Cohn, to adjourn from the 18th to the 25th of September. From this order the plaintiff has appealed.

The referee had the power to grant the adjournment. He was an officer of the court, and as such could grant a reasonable adjournment, if, in the exercise of his judgment, he deemed it advisable for the protection of the rights of any of the parties to the action. Angel v. Clarke, 21 App. Div. 339, 47 N. Y. Supp. 731. It was his duty to see that the sale was fairly conducted, and the rights of all the parties to it protected; and to that end he not only had the power, but it was his duty, if necessary, to adjourn the sale. Barr v. Benzinger, 27 App. Div. 590, 50 N. Y. Supp. 499.

I am, however, of the opinion that the order must be affirmed for the reason that the referee could not give to the purchaser a marketable title. There was, at the time the motion was made, an outstanding dower interest in the widow of the mortgagor. It is not questioned but what the first objection made to the title was, when the objection was made, and on the 25th,—the date to which the proceeding had been adjourned,—a good one; that Helen M. Cain was the widow of Michael Cain, deceased, who was the maker of the mortgage foreclosed in the action. She did not sign the mortgage, and had never released her dower interest in the premises covered by it. Nor is it questioned that she had in fact brought an action which was at that time pending in the supreme court to enforce her dower rights. But it is urged by the appellant that he had, at the time of the hearing of the motion, procured a release of her interest, and a consent to the discontinuance of her action. He did not have this release on the 25th of September, and he did not procure it until several days thereafter; and this was not a release, but an assignment of her dower interest to one Bright, who, according to the papers used upon the motion, then held that interest. It is true Bright says he is ready and willing to deliver "to the assignee of the purchaser of the mortgaged premises at the referee's sale, or to any one whom he may name, a release in due form of law of the dower interest of the said Helen M. Cain in said premises in said action so assigned to me"; but, so far as appears, an assignment of this interest has never been tendered to Cohn.

I am also of the opinion that under the facts set out in this record the failure to make James Hagan and Rose Flood, as trustees under the will of Michael Cain, deceased, parties defendants, was an irregularity in the proceedings which rendered the title unmarketable, or at least cast such doubt upon it that a reasonable man acting under the same or similar circumstances would hesitate to take it. It is suggested (not by counsel) that there is no proof in the record that James Hagan and Rose Flood are trustees under the will of Michael Cain, or, if so, that they have any interest in the premises. I do not so read the record. In the affidavit of Cohn—and that of his attorney is substantially to the same effect—it is alleged "that the plaintiff * * * has failed to bring in as parties defendant to this action the said James Hagan and Rose Flood, as trustees under the will of Michael Cain, deceased; that the said will of Michael Cain, deceased, has been filed for probate

upon the petition of one of the executors, and that the probate of said will is now pending in the surrogate's court of the county of New York; that the said testator, Michael Cain, by his said will, left all his estate to his executors in trust for an adopted daughter, Mary Ann Cain, * * * until she became twenty-one years of age; if she died before arriving at the age of twenty-one years, then to her children in fee, and if she died, leaving no issue, before arriving at twenty-one years of age, then the property was to be distributed as though the testator died intestate; that the said Mary Ann Cain is still living, and is an infant under twenty-one years of age." These allegations as to the will and the contents of the same are not only not denied, but are practically admitted by one of the plaintiff's attorneys in an affidavit in which he states that nothing has been done in proceedings for the probate of the will for several months, and that he is informed by the attorney for Hagan, the executor who offered the will for probate, that "there is no apparent estate to justify the further prosecution of the proceeding"; and that he is also informed by said attorney that he is willing to have his client renounce and withdraw from the proceedings if his expenses and costs, amounting to $100, are paid; and that the attorney for Rose Flood, the other executor, also informed him that she was willing to renounce as trustee under said will; and that he declined to pay the $100. These allegations as to the existence of the will and the legal effect of it, taken in connection with the omission to deny the same, and the admission of the proceedings for the probate of the will, sufficiently establish not only the existence of the will, but the fact that the executors named therein have an interest in the real estate, and as such should have been made parties defendants to the action. The title tendered certainly cannot be said to be reasonably free from doubt within the rule laid down in Heller v. Cohen, 154 N. Y. 625, 49 N. E. 1098. But it is urged by the appellant that these trustees were made parties to the foreclosure as unknown parties, and as such the summons was duly served upon them by publication. Section 451 of the Code of Civil Procedure provides that, where a plaintiff is ignorant of the name, or part of the name, of a defendant, he may designate that person in the summons or other process in the action by a fictitious name, or by as much of his name as is known, adding a description identifying the person intended; and where the plaintiff demands judgment against an unknown person he may designate that person as unknown, adding a description tending to identify him. It is not claimed that the trustees named in the will of Michael Cain, deceased, were unknown to the plaintiff, and the complaint is barren of any allegations from which even an inference can be drawn that the plaintiff intended to make them parties to the action, and thus cut off any interest which they, as such trustees, might have in the premises covered by the mortgage sought to be foreclosed.

On both grounds, therefore, I am of the opinion that the order is right, and should be affirmed, with $10 costs and disbursements. All concur, except HATCH, J., who dissents.

HATCH, J. I concur in the prevailing opinion so far as it holds that the referee was authorized to adjourn the sale, and agree with the reasons assigned for such holding. I am, however, unable to concur in the prevailing opinion so far as it holds that the facts which appear in this record were sufficient to relieve the purchaser from the fulfillment of his contract to purchase. The adjournments which had been had prior to the 18th day of September were by consent of the parties, and to enable the plaintiff to perfect title to the premises, or to procure a policy of insurance insuring the same. By agreeing to accept a policy of title insurance, and allowing the plaintiff to go to the trouble and expense of procuring one, and negotiating for another when further objection to the title was made, the purchaser waived his right to a strict performance of the contract of purchase, and of his right to object to such title, based upon defects then known to him. Under these circumstances the plaintiff was entitled to a reasonable time in which to perform the modified agreement, either by procuring a policy of insurance covering the defect, or by curing such defect. The defendant could not abruptly and arbitrarily refuse to grant such reasonable time. He was required, in order to terminate the plaintiff's right to perfect the title, to give notice that, unless plaintiff performed within a time limited, which must be reasonable, the purchaser would hold himself relieved from the contract of purchase. Schiffer v. Deitz, 83 N. Y. 300; Myers v. De Mier, 52 N. Y. 647; Harris v. Troup, 8 Paige, 423. No notice of any kind was given by the purchaser terminating the negotiations which were in progress at the time when the adjournment was had on the 18th of September. On that day, title not having been perfected of a policy of insurance given, the purchaser appeared before the referee, refused any further adjournment, and objected to the title for the defects which had prior thereto been the subject of negotiations. The referee adjourned the matter for a week, but on the adjourned day the purchaser did not appear, and without further notice made this motion. Having taken this position, the plaintiff was relieved from tendering a conveyance of the dower interest of the widow. In fact, at this time an assignment of such interest had been made to a person who stood ready and willing to convey the same to the purchaser. As, however, the latter had arbitrarily terminated the negotiations, a tender of the conveyance was not necessary to place the purchaser in default. It was sufficient that the plaintiff was able to cure the defect if the purchaser would take the same. So far, therefore, as the dower interest is concerned, the infirmity in the title was cured, and the purchaser could not refuse to complete his purchase based upon such ground.

Concerning the objection that by the will of Cain the equity of redemption was in certain trustees, named therein, not made parties to the action, it devolved upon the purchaser to prove facts sufficient from which the legal conclusion could be reached that the title was invalid on this account. He was bound to show facts from which it would appear that a substantial defect in the title existed. Platt v. Finck, 60 App. Div. 312, 70 N. Y. Supp. 74; Goodwin v.

Crooke, 58 App. Div. 464, 69 N. Y. Supp. 578; Lenehan v. St. Francis Xavier College, 51 App. Div. 535. The only proof upon this subject is found in the affidavit of the purchaser to the effect that it appeared from the records that there was a will of Michael Cain, which had been filed for probate in the surrogate's court of the county of New York, and that by the terms of the will he had left all his real estate to his executors in trust for an adopted daughter until she became of age, and to her children in fee, and, if she died without issue, the property was to be distributed as though the testator had died intestate. It seems to me that this proof amounts to no more than a mere assertion, and fails of showing that there was in fact any will of Michael Cain. The will itself is not produced. It is not shown that Cain in fact ever signed any will, or that it was executed as required by law. The record is not produced, nor is any quotation made from the will, or statement of any kind, from which the court can see that there was a valid will executed by Michael Cain. The mere assertion of the existence of such a document does not establish it, nor is it sufficient from which the court could draw a conclusion, either as matter of fact or a conclusion of law. It may be conceded that a paper had been filed for probate in the surrogate's court, but no further proceedings had been taken thereunder, and the testator has been dead for nearly a year and a half; and further testimony tends to show that, if any steps were contemplated to have been taken thereunder, they have been abandoned. If force is to be given to the rule of law which requires that the purchaser shall specify the defect and sustain it by proof, it would seem that he has failed, so far as is disclosed by the present record. In addition to this, it appears that the executors, who, the affidavit of Cohn states, were the trustees, were in fact made parties by name, and were served by proper publication of the summons as unknown persons, as provided by section 451 of the Code of Civil Procedure. The designation of the executors was sufficient to constitute them proper parties, even though they occupied the dual relation of executors and trustees (Knox v. Railway Co., 58 Hun, 517, 12 N. Y. Supp. 848), and service in this manner was authorized (Abbott v. Curran, 98 N. Y. 665; Moran v. Conoma, 27 Jones & S. 101, 13 N. Y. Supp. 625).

For these reasons I think that the purchaser did not show such circumstances of defects in the title as entitled him to be relieved from his purchase. The order should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, and the purchaser directed to complete his purchase.