SIMON BACHE, Appellant, v. CHARLES DOSCHER, as Executor, etc., Respondent.

Where, in a foreclosure suit, persons holding prior mortgages are not made parties, and no provision is made as to them in the judgment, the sale must be subject to such mortgages, and no portion of the proceeds of the sale can be applied in payment thereof.

(Argued November 23, 1876; decided December 5, 1876.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York in favor of defendant, entered upon an order overruling exceptions to an order of Special Term dismissing plaintiff's complaint and directing judgment upon said order.

This action was brought to recover an alleged deficiency arising upon a foreclosure sale.

The complaint alleged in substance that plaintiff was assignee of a bond and mortgage executed by one William Goebel to Babet Blum; that after the execution of the mortgage Goebel conveyed the mortgaged premises to John Heiden, defendant's testator, by deed containing a clause stating that it was subject to said mortgage, which the grantee assumed and agreed to pay. That defendant foreclosed said mortgage, making defendant, as executor, a party defendant; that judgment of foreclosure was perfected, the premises sold, and upon such sale there arose a deficiency of $731.55, which plaintiff asked to recover. The answer was a general denial.

Upon the trial, the judgment record was introduced in evidence by plaintiff. No demand or provision was made therein against defendant for any deficiency. The further facts pertinent to the questions involved, appear in the opinion.

*Lewis Wagner* for the appellant. Defendant was liable in the form of action adopted by plaintiff. (*Thorp* v. *Keokuk Coal Co.*, 48 N. Y., 256; *Burr* v. *Beers*, 24 id., 178; *Evans* v. *Jones*, 5 M. & W., 295; *Suydam* v. *Bartle*, 9 Paige, 294;

*Williamson* v. *Champlin*, Clark's Ch. R., 10; 8 Paige, 70; *Comstock* v. *Drohan*, Gen. T. S. C., 1st dept., May, 1876; *Lane* v. *Salter*, 4 Robt., 239; *Burnside* v. *Matthews*, 54 N. Y., 82; *Osgood* v. *Toole*, 6 id., 479; *Gardner* v. *Clark*, 21 id., 401; *Chancey* v. *Lawrence*, 15 Abb., 109.) No new matter constituting a defence could be proved under the answer. (Code, § 149; *Beaty* v. *Swartrant*, 32 Barb., 294; *McKyring* v. *Bull*, 16 N. Y., 309; *Brazil* v. *Isham*, 12 id., 17.) The report of sale filed in the foreclosure was final. (*Bosworth* v. *Vandewalker*, 53 N. Y., 602.) Even if the referee erred in allowing the amount of the prior mortgage, defendant could not take advantage of it under his pleading. (*Brazee* v. *Isham*, 12 N. Y., 17; *McKyring* v. *Bull*, 16 id., 297; *Gardner* v. *Clark*, 21 id., 401; *Morrell* v. *Irving F. Ins. Co.*, 33 id., 443.)

*Benj. M. Stilwell* for the respondent. The record in an action of foreclosure, in which notice that no personal claim is made against the party liable for the debt, is not evidence in another action of any fact tending to establish a personal liability as against the defendant so notified, as to him it is simply a judgment *in rem.* (*Foster* v. *Milliner*, 50 Barb., 395.) Where a party has appeared in an action, the referee's report of sale therein can only be confirmed and made evidence against him by showing notice to him under Rule 39 of the Supreme Court. (*Griffing* v. *Slote*, 5 How., 205.) The report of a referee is only evidence of the matters referred to him. (*People* v. *Bergen*, 53 N. Y., 404; Rule 73, Supreme Court.) After the commencement of an action to foreclose a mortgage, while it is pending and after a decree therein, no proceedings shall be had at law for the recovery of the debt unless authorized by the Supreme Court. (2 R. S., 199, § 153; Revisers' Notes [Edm. Stat.], vol. 5, p. 408.)

Earl, J. The plaintiff could, if he had so elected, have commenced an action upon the undertaking of the testator to pay the mortgage, and in the complaint in such action it

would have been unnecessary to have alleged any thing about the foreclosure proceedings. If the defendant had relied upon them as a defence it would have been necessary for him to allege them in his answer. But the plaintiff in this action has set out the foreclosure proceedings in his complaint, and seeks only to recover the deficiency, after applying upon the mortgage the amount realized from the sale of the mortgaged premises. The general denial in the answer puts in issue the amount of the deficiency. Upon the trial the plaintiff did not rest upon proof of the testator's undertaking in the deed given to him, but proved the foreclosure proceedings with the view of showing sale of the lands and the amount which yet remained due upon the mortgage. Hence the case was in such a condition that the defendant was entitled to dispute the amount of the deficiency.

It appears that judgment of foreclosure was entered, in which it was adjudged that the sum of $2,508.94 was due upon the mortgage, and a referee was appointed to sell the mortgaged premises. He was directed to make the sale and execute a deed to the purchaser, and out of the moneys realized to retain his fees and expenses and the amount of any liens for taxes or assessments. He was then directed to pay the costs of the attorneys and the amount due upon the mortgage, and to deposit the surplus, if any, with the chamberlain of the city of New York. In pursuance of this judgment he advertised the mortgaged premises for sale, and the plaintiff became the purchaser for the sum of $9,700, that being the highest sum bidden for the same. He reported that he disposed of this sum as follows: that he allowed the plaintiff $1,191.95 for taxes and assessments, and $6,091.25 for prior mortgages assumed by him; that he deducted his charges and expenses and paid the costs, and paid over to the plaintiff $1,802.32, leaving a deficiency upon the mortgage of $741.55. There was nothing in the complaint or judgment in that action about any prior mortgages, and no persons holding prior mortgages were made parties. Prior mortgagees were not necessary parties to the action, and the judgment and sale

did not and could not in any way affect their rights. All the referee could do was to sell the premises subject to such mortgages, if any ; and all the title he could give was such as the parties to the action had. Such a sale he made. It does not even appear that he, in terms, sold the land free of the prior mortgages, or that it was one of the terms of the sale that the purchaser was to assume any prior mortgages. He reports that he made the sale for the sum above named, and then, in reporting the disposition of the proceeds, he asserts that he allowed the plaintiff to retain over $6,000 for prior mortgages assumed by him. It does not appear who held the prior mortgages, nor how much was due upon them, nor even that there were any prior mortgages, or that plaintiff paid them. After allowing the plaintiff to retain upwards of $6,000, he reports the small deficiency claimed in this action.

There was no adjudication, as against this defendant, that there was a deficiency, and the defendant is in no way estopped from denying that there was a deficiency. Assuming that the report is evidence of all the facts stated in it, it appears that there was no deficiency, and that the plaintiff had in his hands ample money to pay the mortgage and leave · a surplus.

Upon such a state of facts, appearing by plaintiff's own proof, he was properly nonsuited, and the judgment must, therefore, be affirmed, with costs.

All concur ; RAPALLO, J., not voting.

Judgment affirmed.