### GUGGENHEIMER v. SAYRE.

(*Supreme Court, General Term, First Department.*    January 28, 1889.)

MORTGAGES—FORECLOSURE—SALE—PRIOR LIENS.

On foreclosure of a second mortgage, the prior mortgagees not having been made parties, it appeared that the referee conducting the sale of the mortgaged premises announced that the property would be sold clear and free of incumbrances. *Held*, that such sale was irregular, and the proper remedy was by a resale of the premises.

Appeal from special term.

Action by Randolph Guggenheimer against Edward Sayre, impleaded with others. From an order directing a resale of certain premises, defendants appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*T. M. McCarter* and *C. B. Meyer*, for appellants.    *S. Untermeyer*, for respondent.

BRADY, J.    This action was commenced for the foreclosure of a mortgage upon which upwards of $36,000 was due.    The property consisted of five buildings, on which there were two prior mortgages aggregating $29,500, each of which covered the entire property, and was a purchase-money mortgage.    Both of them are controlled by the plaintiffs.    The mortgagees therein were not made parties to this action.    The referee, upon the sale, read printed terms in the ordinary form.    They contained in relation to incumbrances only the following, viz.: "All taxes, assessments, and other incumbrances upon said premises will be allowed by the referee out of the purchase money."    The property was sold, therefore, without particular reference to any existing mortgages.    It appears to have been announced also by the referee during the sale that the property consisted of several parcels, and would be sold free and clear of incumbrances.    After the sale, an application was made to amend the judgment *nunc pro tunc* by adding the words, "prior mortgages or other incumbrances," so that the judgment would by express terms direct the referee to pay out of the proceeds of the sale the prior mortgages on the property, or for an order directing the referee to pay out of the proceeds of the sale the prior mortgages on the property foreclosed.    Mr. Justice PATTERSON who heard the motion, notwithstanding that there was some conflict in the affidadavits as to whether the sale was announced as one free and clear of incumbrances, determined that such an announcement was made, and, for cogent reasons assigned by him, denied the motion.    This was done upon the authority of *Bache* v. *Doscher*, 67 N. Y. 429, which declares that when prior mortgages exist the sale must be made subject to them.    If they are due, the subsequent incumbrancer seeking to foreclose his mortgage may bring in the prior mortgagees, and have the amount of their liens determined and paid out of the proceeds.    *Bank* v. *Goldman*, 75 N. Y. 132.    Subsequently a motion was made for a resale of the premises in consequence of the irregularities complained of, and that motion was granted; and it was substantially predicate of the fact that the referee, in the terms of sale and during the sale, stated

that the property would be sold free and clear of incumbrances.  The learned justice who heard that motion agreed with PATTERSON, J., in the conclusions of fact and law pronounced by him, and directed a resale.  He thought that, assuming the mistakes in the proceedings to have been made, it was extremely doubtful if the purchasers could, under the circumstances, be compelled to take title; and that it would be inequitable to attempt to hold the purchasers, who would undoubtedly refuse to take title, and thus tie up what appeared to be a valuable property.  This view illustrates the propriety of the rule that a direction for a resale rests finally in the discretion of the court. *Hale* v. *Clauson*, 60 N. Y. 339; *Crane* v. *Stiger*, 58 N. Y. 625; *Dows* v. *Congdon*, 28 N. Y. 122; *Bank* v. *Newton*, 23 N. Y. 160.  It was stated upon the argument that the resale, from the order directing which this appeal was taken, had taken place, and that the purchasers thereat had taken title; and also that the appellants neither applied to the referee nor to the court for a stay of the proceedings to accomplish the resale.

What has thus been said with regard to this appeal seems to be entirely sufficient to dispose of it, the resale having taken place; but it may be proper to indulge in one or two additional observations.  There can be no doubt that the referee had no authority to sell the property free and clear of incumbrances, and that the sale in that mode was irregular, and the proper remedy was in a resale.  The facts disclosed on this appeal are similar to those in *Hotchkiss* v. *Clifton Air Cure*, 2 Abb. Dec. 406.  It is quite apparent that the sale, having been made in the manner described, was one made under a mutual mistake of fact; the purchasers at least believing that the decree provided for the payment of the incumbrances out of the proceeds of sale, which was not the case. We have thus the facts found by two justices of this court sustaining the proposition that the premises were sold in a manner which was not authorized, and a resale in the exercise of discretion by one of them.  We see no reason for intimating even that the exercise of this discretion was improperly employed.  Justice to the parties, and the proper administration of the rules of law, required the resale to be made, and perhaps the only surprising feature of the whole appeal is that it should have been argued under the circumstances. The order should be affirmed, with $10 costs and disbursements.  All concur.