plaintiff has failed to establish her right to recover. Plaintiff's intestate was an expert bicycle rider, a teacher in a bicycle academy, was familiar with the streets of New York, and particularly with that portion of the streets where the accident complained of occurred. This was at the corner of Fifty-Third street and Seventh avenue, where the cars from Fifty-Third street run in onto the Seventh avenue line. The evidence shows that he was riding behind a car going downtown; that the car stopped for the signal before entering upon the curve, and that plaintiff's intestate turned out, and passed the car, crossing the track in front of it, and entering upon the uptown track, where he was met and struck by a car going uptown. There was only a distance of 25 feet from the point where plaintiff's intestate dodged from behind the car which he was following into the track on which the car that struck him was advancing, and, as both were going in opposite directions towards the same point, the interval of time between his appearance and the contact must have been so short that it is impossible, with fairness, to impute negligence to the defendant. The plaintiff's intestate was familiar with the dangerous situation into which he was riding; to him the danger was known and obvious; and there is an entire lack of evidence tending to show that he was free from contributory negligence. Indeed, the evidence tends rather to affirmative proof of contributory negligence than to the opposite conclusion, and the learned trial court very properly dismissed the complaint.

The judgment should be affirmed, with costs.

---

(26 Misc. Rep. 75.)

### FRANKLIN NAT. BANK v. LEWIS et al.

(Supreme Court, Special Term, New York County. January, 1899.)

MORTGAGES—FORECLOSURE—PRIOR INCUMBRANCES—TERMS OF SALE—CONSTRUCTION.

A referee appointed to sell land under a decree foreclosing a third mortgage advertised that he would sell the land subject to the prior mortgages. The printed terms of sale provided that "All taxes, assessments, and other incumbrances * * * will be allowed by the referee out of the purchase money." *Held*, that the mortgages were not to be paid from the price.

Action by the Franklin National Bank against Amy A. Lewis and others to foreclose a mortgage. A purchaser at foreclosure sale moves to compel the referee making the sale to deliver a deed on payment of the difference between the bid and prior incumbrances. Denied.

Philip Carpenter, for the motion.
William H. Law, opposed.

SCOTT, J. In this action, which was for the foreclosure of a third mortgage upon certain real estate in the city, the referee appointed by the decree has sold the property as therein directed. It appears that the property was subject to three liens prior to the mortgage in suit, viz. a first mortgage, upon which there was due

about $31,125, a second mortgage, upon which there was due about $80, and a judgment for $123.96. There were also due upon the property unpaid taxes, assessments, and water rates amounting to about $1,000.63. The holder of the first mortgage is not a party to the action, and no provision is made in the decree for the deduction of the amount of his mortgage from the amount which might be bid. At the sale but a single bid of $32,000 was made for the property, and it was knocked down at that figure. The purchaser then offered to pay the referee the sum of $672, being the computed difference between the sum of the prior liens upon the property and the sum bidden therefor at the sale, and demanded a deed. To this demand the referee refused to accede, and this motion is now made to compel him to do so.

It is perfectly well settled that where, in an action for foreclosure of a mortgage, persons holding prior mortgages or other liens are not made parties to the action, and no provision is made respecting them in the decree, the referee must sell the property subject to said prior mortgages and liens, and no portion of the purchase money can be applied to their payment or extinguishment. Bache v. Doscher, 67 N. Y. 429; Guggenheimer v. Sayre (Sup.) 4 N. Y. Supp. 22. The referee in the present action proceeded in exact conformity to the rule of practice approved by the foregoing authorities. His advertisement of sale contained the following notice:

"The approximate amount of the plaintiff's lien upon the premises, with interest, costs and disbursements, is $10,125; and of taxes, assessments, and water rates, $1,000.63. The property will be sold subject to a first mortgage upon which there is due about $31,125, a second mortgage upon which there is about $80 due, and a judgment for $123.96."

The printed terms of sale contained the following clause:

"All taxes, assessments, and other incumbrances which at the time of sale are liens or incumbrances upon said premises will be allowed by the referee out of the purchase money, provided the purchaser shall, previous to the delivery of the deed, produce to such referee proof of such liens, and duplicate receipts for the payment thereof."

Both the so-called terms of sale and the advertisement containing the notice above quoted were read by the auctioneer before the sale commenced, and, taken together, constituted the conditions upon which the property was offered for sale. They provided as clearly as possible that the only liens for which allowance would be made out of the purchase money would be taxes, assessments, and the like, which were capable of exact determination and immediate payment, and that, as to the two prior mortgages and the judgment, the property would be sold subject to them. In the very nature of things, the referee could not safely allow any deduction to be made on account of the two mortgages, since the amount due upon them had never been judicially determined; and, so far as anything to the contrary appears in the papers, they were not overdue, so that they could be paid off. It follows that, under the announced conditions of the sale, the purchaser is bound to pay the amount of his bid, and take the property subject to the two prior mortgages and the judgment. The affidavits presented in support of the motion in-

dicate that the bid was made under an honest misapprehension, and that the effect of enforcing the sale will be to compel the purchaser to pay nearly twice what the property is worth. If his motion was to relieve him from his purchase, these considerations would have great weight, and might lead to his relief, upon proper terms. The present motion, however, cannot prevail.

Motion denied.