(49 App. Div. 163.)

TERMANSEN v. MATTHEWS et al.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

1. MORTGAGES—FORECLOSURE—SALE BY REFEREE—ALLOWANCES.
    Where a referee sold land under a foreclosure decree, which directed that he pay from the purchase money the expenses of the sale, the amount of the mortgage, and interest thereon, and certain sums fixed as costs, it was error for him to allow the purchaser the interest due on senior mortgages and costs of foreclosing them.

2. SAME—PRIOR LIENS.
    Where the notice of sale under foreclosure of a mortgage stated that the sale was subject to two prior mortgages and interest thereon, and such terms were read at the sale, the purchaser was not entitled to an allowance for interest due on such mortgages, though the amount of such interest was not stated in the terms of sale.

3. SAME—EXPENSES OF SALE.
    Code Civ. Proc. § 1676, provides that the officer making a sale of real property under a mortgage foreclosure shall pay out of the proceeds all expenses of the sale. *Held*, that the term "expenses of the sale" does not include the expense of foreclosing senior mortgages, subject to which the property was sold.

Appeal from special term, New York county.
Action by Lauritz Termansen against Sarah Matthews and others to foreclose a mortgage. From an order sustaining certain of

defendants' exceptions to a referee's report, and overruling other exceptions, plaintiff and defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

George H. Taylor, Jr., for appellants.
George H. Hart, for appellee.

RUMSEY, J. This action was brought to foreclose a mortgage of $2,000 on two pieces of land in the city of New York. One of these pieces was subject to a mortgage for $6,000, and the other to a mortgage of $7,000, each of which was prior to the mortgage of $2,000, which covered both pieces. An action had been brought to foreclose each of the two prior mortgages, and, at the time of the sale under the $2,000 mortgage, judgments had been entered in those actions, and certain costs and allowances awarded to the parties, and directed to be paid out of the proceeds of the sale in those actions when that should take place. The judgment of foreclosure in this action was entered in October, 1898. The sale was made on the 17th of November, 1898. The property was sold subject to the two prior mortgages. The referee allowed to the purchaser at the sale the sum of $826.63, which was the interest then due on those mortgages, and the further sum of $791.09, being the amount of the costs and allowances awarded as above mentioned, and he proposed to convey to the purchaser upon the payment of the amount of his bid, less the amount of these sums, being $1,617.72. The report of sale was filed on the 23d of November, 1898, and exceptions were duly filed by the defendants to the allowances of those sums. The exceptions were heard upon the motion to confirm the report. A motion was made at the same time for an order requiring the plaintiff to complete his purchase by paying the full amount of his bid without deducting these allowances. The two motions were heard together. The court at special term sustained the exceptions to the allowance of the sum of $826.63 for the interest on the $6,000 and $7,000 mortgages, and required the plaintiff to pay that sum back to the referee. He overruled the exceptions to the allowance of $791.09, being the costs and the allowances awarded in the actions to foreclose those mortgages, and required the referee to convey upon receiving the amount fixed by his order. Appeals were taken by the defeated parties, and thus the question comes here.

Section 1626 of the Code of Civil Procedure prescribes that in an action to foreclose a mortgage, if the sale of the property is directed, the judgment must require that so much thereof shall be sold as will be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of the action. The term "expenses of the sale" in such an action is defined in section 1676 as the sums necessary to pay all taxes, assessments, and water rates which are liens on the property sold. The judgment of foreclosure in this case complied with the statute, and directed the referee to pay the expenses of the sale as provided in section 1676; certain sums which were fixed as costs and allowances to certain parties therein mentioned; the amount of the mortgage, with the interest thereon; and

then directs him to pay the surplus, if there should be any after making these payments, to the city chamberlain, as is required by the general rules of practice. The duty of the referee was prescribed by the judgment, and he had no authority to make any payments other than were directed therein. His allowance to the purchaser of the interest on these mortgages, and of the costs and expenses of the actions brought to foreclose them, was beyond his power, because no such payments were required to be made by the judgment, which was his sole authority to sell.

But it is said that these allowances were authorized by the notice of sale and by the terms of sale. It is perhaps sufficient to say that the referee could not add to his powers by what he chose to say in those documents. But, passing that, it appears that there was stated in the notice of sale the approximate amount of the taxes, assessments, and water rates and other charges which were to be deducted from the bid or paid by the referee. The amount of these taxes, assessments, and other charges were allowed to the purchaser upon his producing receipts of their payment. The notice of sale further states that the premises were to be sold subject to the two mortgages, upon each of which it was stated interest was due from the 1st of July, 1897, at the rate of $4\frac{1}{2}$ per cent. per annum in addition to the principal sum. The reference to these mortgages was made to comply with the provisions of section 1678 of the Code of Civil Procedure, which prescribes that, if the property is sold subject to liens, that fact must be disclosed at the sale. It is admitted that the terms of sale were read, and that the formalities of the Code were complied with in that regard. The plaintiff must have known when he bid that the premises were sold subject to the two mortgages and interest. If he had no such knowledge, and was misled by the terms of sale, he might be relieved from his bid upon proper application to the court.

But it is claimed by the plaintiff that he was entitled to have these items allowed to him because by the terms of sale, which he says constituted the contract between him and the referee, it is stated that the premises secondly described are to be sold "subject to the principal sum of mortgage $6,000," and the premises first described sold "subject to the principal sum of mortgage $7,000"; and he says that, because nothing is said in the terms of sale as to interest due on these mortgages, he had the right to suppose when he bid that there was no interest due, and therefore that the amount of the interest should have been deducted as the referee had deducted it. The answer to that is quite plain. The notice of sale stated the amount of the interest due on these mortgages. It is stated that before the sale took place the auctioneer read the notice of sale, containing the statement that the property was sold subject to these mortgages and the interest due upon them. Whether the terms of sale were read before the bidding began does not appear. There is no statement as to the fact made by any one; but as it is not denied that the notice of sale was read, and that notice was in an action in which the plaintiff was the moving party, it must be assumed that he had knowledge of the fact that the sale

was made subject to the two mortgages which were prior liens, with the interest due upon them. There was no reason why the precise amount of these mortgages should have been stated in the terms of sale, and these terms can receive a reasonable and proper construction if they are taken as referring to the mortgages which were incumbrances on the property, simply to describe them, rather than to state the precise amount due upon them. Even if there were no other reason, therefore, the facts made to appear by the affidavits, and which are not denied, are sufficient to have warranted the learned justice at the special term to require the plaintiff to pay back this interest which had been allowed to him.

Applying the same rule, the exceptions should have been sustained to that portion of the report which permitted the purchaser to retain the costs awarded to the plaintiff in the former actions. These were not properly expenses of the sale, under section 1676 of the Code, and spoken of in the judgment of foreclosure in this action. But it is said that by the terms of sale the plaintiff was to be allowed all taxes, assessments, water rates, and all other incumbrances which at the time of sale were liens or incumbrances on the premises. The answer to that is that any such allowance was beyond the power of the referee to make, and, as the plaintiff was a party to the judgment fixing the expenses which were to be allowed, he is not now in a situation to say that any other sum should have been allowed to him as expenses of the sale than those which are prescribed in the judgment which he caused to be entered and under which the sale was made.

So much of the order, therefore, as requires the purchaser to pay to the referee the sum of $826.63, should be affirmed; and so much of the order as requires the referee to allow to the purchaser the sum of $791.09 for the costs and allowances in the former foreclosure actions of the two mortgages should be reversed; and the order requiring the plaintiff to complete his purchase should be modified according to the views expressed herein, and, as so modified, the order should be affirmed, with $10 costs and disbursements of this appeal. All concur, except McLAUGHLIN, J., who concurs in result.