SILVERSTEIN et al. v. BROWN et al.

(Supreme Court, Appellate Division, First Department. December 6, 1912.)

1. MORTGAGES (§ 280*)—ASSUMPTION OF MORTGAGE—EXTENT.

Where a second mortgage provided that the mortgagee might, in case of default, pay interest on prior mortgages, a subsequent grantee, who, in consideration of an extension, assumed the payment of the second mortgage debt, is not liable for the amount of interest which the mortgagee paid on the prior mortgages.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 737, 740–750, 757–760; Dec. Dig. § 280.*]

2. MORTGAGES (§ 283*)—GRANTOR—LIABILITIES OF SURETY.

Where the purchaser of land assumed the payment of a mortgage, he became liable as a surety, and, having conveyed the land himself, is in case of sale entitled to demand that the proceeds be first applied to pay the mortgage for which he stands liable, and not to satisfy other advances made by the mortgagee.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 756–758; Dec. Dig. § 283.*]

3. APPEAL AND ERROR (§ 127*)—JUDGMENTS REVIEWABLE—DEFAULT JUDGMENTS.

Where a grantee of mortgaged premises was made a party in an action to foreclose a mortgage, and appeared generally in the action, and, while he waived service of the complaint, demanded service of all other papers, the judgment against him was not one by default, from which he could not appeal without first moving to correct the judgment and appealing from the order denying such motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 885–891; Dec. Dig. § 127.*]

4. EVIDENCE (§ 43*)—JUDICIAL NOTICE—JUDICIAL PROCEEDINGS.

The Supreme Court will take judicial notice of its own records.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 62–65; Dec. Dig. § 43.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**5. APPEAL AND ERROR** (§ 1099*)—DECISIONS REVIEWABLE—ESTOPPEL.

Where, on foreclosure of a mortgage, a subsequent grantee, who had assumed payment of the mortgage, was made a party, and on his appeal from an order denying his motion to correct the judgment the plaintiff urged that his proper remedy to protect himself was by appeal, plaintiff cannot on a subsequent appeal contend that his remedy was by motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4370–4379; Dec. Dig. § 1099.*]

Appeal from Special Term, New York County.

Action by Joshua Silverstein and others against Menno Brown and others. From a judgment for plaintiffs, the named defendant appeals. Modified and affirmed.

See, also, 135 N. Y. Supp. 1143.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Samuel H. Sternberg, of New York City, for appellant.

Jacob R. Schiff, of New York City, for respondents.

SCOTT, J. The defendant Menno Brown appeals from so much of a judgment of foreclosure and sale as directs that a personal judgment be entered against him for any deficiency that may arise upon a sale of the mortgaged premises.

On January 15, 1906, one Samuel Ramsfelder, not a party to this action, made, executed, and delivered to the McKinley Realty Company a bond for $16,000, payable on December 31, 1910, and to secure the payment thereof executed the mortgage sought to be foreclosed in this action. The mortgage further provided that, in default of payment of interest due upon any prior mortgage, the owner of the present mortgage might pay the amount of such interest, which thereupon became a lien upon the premises and secured by the present mortgage. The bond and mortgage in due course came into the ownership of the plaintiff, and the mortgaged premises were acquired by Menno Brown, the present appellant.

[1] On December 12, 1910, Brown entered into an agreement with plaintiff, who then owned the bond and mortgage, for an extension of the time for the payment of the principal sum due, which had then been reduced to the sum of $9,000. This agreement contained the following clause, which constitutes the only agreement on the part of Brown to assume the payment of the mortgage debt, or any part of it:

"And the said party of the first part [Menno Brown] agrees to the extension of the time of payment of the principal, to wit, the sum of nine thousand ($9,000) dollars now due and payable, and for his heirs, executors, and administrators does hereby covenant and agree to pay the same at the time and in the manner hereinbefore specified, and to pay the interest thereon on the days on which the same becomes due, as hereinbefore mentioned."

Brown thereafter transferred the real estate to certain parties, named Uhlfelder and Weinberg. The plaintiffs paid about $1,200 of interest due on a former mortgage, and seek, as the mortgage permits them to do, to tack this sum onto the principal sum now due (amounting to $6,000) on the present mortgage. The judgment of foreclosure

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and sale provides the referee shall pay out of the proceeds of sale the expenses thereof, the taxes and assessments due upon the property, and the costs of the action; that he shall then pay to the plaintiffs the amount found due to them, with interest including the $1,200 paid for interest upon the superior mortgage; and, if the amount realized be found insufficient to meet all these payments, that the plaintiffs shall have a personal judgment against appellant for the deficiency.

The appellant claims that he cannot be subjected to a personal judgment for more than the principal sum due upon the mortgage, with interest, and that as to that he stands in the position of a surety, and is entitled to have the purchase price first applied to so much of the amount found due as he is liable for, before any payment is made of the $1,200 paid for interest on the prior mortgage, or for taxes and assessments due upon the property.

So far as concerns the $1,200 paid for interest on the prior mortgage, we think that the appellant's position is well taken. It is well settled that a purchaser of land incumbered by a mortgage assumes no personal obligation to pay the mortgage debt, unless he in some way assumes the debt or agrees to pay it. Belmont v. Coman, 22 N. Y. 438, 78 Am. Dec. 213; Life Assurance Soc. v. Bostwick, 100 N. Y. 628, 3 N. E. 296; Smith v. Cornell, 111 N. Y. 554, 19 N. E. 271. The only personal undertaking that appellant ever made to pay any part of the mortgage debt was his agreement, above quoted, to pay the principal sum then due with interest. He never agreed, so far as the record shows, to pay any sum which the holder of the mortgage might have to pay for interest on a prior mortgage. The original mortgagor agreed to pay it, and, of course, the amount so paid falls under the mortgage and is secured by it; but that does not establish the appellant's personal liability for it, if the mortgaged property proves to be an insufficient security. The provisions for tacking onto the mortgage debt the amount paid for interest on prior mortgages was intended merely to protect the mortgagee's security, but it does not increase the personal liability of any one who has not assumed its payment.

[2] As to so much of the amount due upon the mortgage as represents unpaid principal the appellant undoubtedly is personally liable, if there is a deficiency on the sale; but as to that he is liable as surety, and is liable as well as for the interest thereon and the costs. Murray v. Marshall, 94 N. Y. 611. The mortgagee, therefore, held a claim against the proceeds of sale, for only a part of which was the appellant liable. Under such circumstances the surety is entitled to ask that the proceeds of the security be first applied to the payment of that proportion of the amount for which he stands liable as surety. Orleans County Nat. Bank v. Moore, 112 N. Y. 543, 20 N. E. 357, 3 L. R. A. 302, 8 Am. St. Rep. 775. As to the taxes agreed to be paid out of the proceeds of sale, an interesting question would arise if the record contained a finding as to when the appellant parted with the property; for in that case it might appear that when such taxes accrued the appellant no longer owned the property, and such taxes never, therefore, became a debt due from him.

[3] It is suggested that the judgment was entered upon appellant's default, and therefore that he may not appeal from it, but should have moved below to correct the judgment, and, if his motion had been denied, should have sought relief by appealing from the order denying it. We do not understand that the judgment was entered upon appellant's default. He appeared generally in the action, and, while he waived service of the complaint, he demanded service of all papers except the complaint. This included a notice of settlement of the judgment, which he apparently received, for the judgment as amended recited his appearance. It is true that he did not answer, and, so far as the record shows, did not attend at the trial; but this was because he could not deny any of the allegations of the complaint, and had neither an affirmative defense nor a counterclaim to interpose. His sole interest was as to the form of the judgment to be entered on the admitted facts, and he reserved his right to be heard on that subject.

[4, 5] It appears from the records of our own court, of which we may take judicial notice as to the questions relating to the history of litigation, that after the entry of the judgment the appellant moved before the trial justice that the judgment be amended by reciting his appearance, and also that he filed an affidavit in opposition to the form of the judgment as entered. This motion was granted only to the extent of reciting his appearance, but was denied in so far as he asked that the judgment show that he opposed its form. From this order appellant appealed to this court, expressing in his brief the apprehension that, unless the judgment recited his opposition, he might be met, if he attempted to appeal from the judgment, with the suggestion that he had acquiesced in it, or had suffered it to be entered by default. The present respondent, who was also respondent on that appeal, opposed any modification of the order, on the sole ground, very persuasively argued, that under the judgment as it stood there could be no doubt of appellant's right to appeal from it. We affirmed the order without opinion. The appellant is clearly entitled to relief, and, if respondent was right before in arguing that the judgment was one which appellant could test by appeal, he must be wrong now in contending that an appeal is not the proper remedy.

The judgment should therefore be modified, so as to provide that the amount for which the appellant is to be personally liable shall be the deficiency, if any, which shall arise in the amount due for principal and interest, not including the sum paid for interest in a prior mortgage, after deducting from the purchase money the costs, allowances, and disbursements, as well as the unpaid taxes and assessments, and, as so modified, will be affirmed, without costs in this court.

Settle order on notice. All concur.