Matthew M. Levy, J.
This action to foreclose a second mortgage on real estate was commenced in 1954. A Referee was appointed in 1955 to determine the amount due under the mortgage. The Referee’s report was filed about July 22, 1957, and specified the amount due up to July 1, 1957. On September 22, 1958 a judgment of foreclosure was signed (Geeehbeeg, J.), in which the Referee’s report was confirmed and the premises ordered sold pursuant to the terms of the judgment. The amount due the plaintiff, as specified in the judgment, was the sum of $133,094.36, with interest from July 1, 1957; and there were taxes, assessments, water rates, a conditional bill of sale, restrictions, leases, a right of redemption in the United States, Referee’s fees, plaintiff’s costs and disbursements, expenses of the sale and other items to be taken into account. The judgment also specifically provided that the sale is to be “ subject to a mortgage held by the Metropolitan Life Insurance Company as reduced.”
The Referee’s notice of sale stated, among other things, that the premises would be sold subject to “ the lien of a prior open first mortgage of approximately $345,000.00.” The purchaser on the foreclosure sale paid $236,000 as the highest bidder. The sale was held on August 4; the closing on August 31, 1959. The principal balance unpaid on the first mortgage held by Metropolitan was $339,400. Interest unpaid, plus interest computed to August 4, 1959, the date of the foreclosure sale, amounted to $4,967.94. Interest of $1,321.88 was also due from August 4, 1959 to the date of the closing of the transaction, August 31,1959. A dispute arose at the closing as to who should be required to pay the interest. To avoid postponement, a stipulation was entered into reserving the rights of the respec *1053 tive parties, the purchaser paid the interest, totaling $6,289.82, and the issue was arranged to be submitted to the court for resolution.
A motion has now been brought on by the 'plaintiff for an order determining whether the interest on the first mortgage shall be paid by the Referee out of the proceeds of the sale. The plaintiff submits, at the outset, that the only question before the court is whether such payment is required by the terms of the judgment of foreclosure. The judgment — which, as usual, precisely specifies the distribution to be made by the Referee of such proceeds — does not so provide. The plaintiff argues that that disposes of the matter. I do not agree. The Referee has custody of the proceeds as an officer of and subject to the direction of the court. In my view, if the court is convinced that, in law or equity, a payment out of the fund on hand should be made to one person or another, there is jurisdiction in the court (upon proper application and due notice) so to direct.
The purchaser contends that, because of the relationship between the owner defendant and the second-mortgagee-plaintiff and the manner in which the income of the premises was used during the pendency of the foreclosure proceedings, the purchaser should not bear the burden of the interest due the first mortgagee. I do not agree. The purchaser was a stranger to the property and, prior to his bid at the foreclosure sale, unrelated in any way to any of the parties. So far as the purchaser is concerned, therefore, it is my view that it is the record alone upon which I must rely in determining this application. On the basis of the record — the judgment, the judgment roll, and the notice and terms of sale — I am of the opinion that the purchaser is not entitled to be reimbursed out of the proceeds of the sale for the interest which it paid to the first mortgagee.
It is the purchaser’s contention that a Referee must adhere strictly to the directions of the judgment and cannot vary the provisions therein contained, either in the notice of sale or in the terms of sale, and that nowhere in the present judgment was it provided that the purchaser was to take subject to past-due interest on the first mortgage or was to pay interest which had accrued thereon up to the date of the sale or interest which accrued thereafter and up to the date of the delivery of the deed. That contention is not persuasive in any of its facets.
Section 986 of the Civil Practice Act provides that the ‘1 terms of the sale must be made known at the sale, and if the property * * * is to be sold subject to the right of dower, charge or lien, that fact must be declared at the time of the sale.” The *1054 ‘ ‘ referee who is directed by a judgment to sell certain described real property cannot insert in the terms of sale on his own motion or at the suggestion of the plaintiff or his agents a provision that the premises are sold subject to a vague, indefinite, uncertain outstanding interest in another. The effect of such an act is to make the subject-matter of the sale uninviting to intending purchasers, and the probable result is an unjust and needless sacrifice of the property of the owner of the mortgaged premises ” (Mullins v. Franz, 162 App. Div. 316, 318). Of course, meticulous compliance with the precise terms of the judgment is safe and advisable. But that is not the question. The correct rule of law, in my opinion, is that a Referee must adhere substantially and equitably — rather than (necessarily) strictly and technically — to the mandates of the judgment. And, if there be a material variance, the court may, at the behest of a party in interest, and in a proper ease, vacate the post-judgment sale and issue a direction for a resale (Sufrin v. Arbeau, 24 Misc 2d 909), and the purchaser would be entitled to an order permitting him to withdraw his bid if he were truly, substantially, and to his disadvantage, misled by the terms of sale (Termansen v. Matthews, 49 App. Div. 163). But the Referee’s statement in the present notice of sale (that the property would be sold subject to the lien of a prior open first mortgage of approximately $345,000) as compared with the language of the judgment here involved (that the sale was to be subject to a mortgage held by the Metropolitan Life Insurance Company as reduced) is not, in my opinion, such a variance as would warrant upsetting the transaction. Indeed, the Referee’s statement in the notice of sale was more specific than the judgment. In any event, a vacatur of the sale is not what the purchaser here has sought. It has not objected to, but has consummated, the deal, and seeks relief of another kind.
The purchaser’s contention, based upon the failure to refer to ‘ ‘ interest ’ ’ in the judgment or in the notice or terms of sale, is meritless. The word “ interest ” is not the magic talisman that the purchaser has urged that it is. “Lien” and “ mortgage ” are no less words of comprehensive meaning, adequate enough to embrace “ interest ” as well as “ principal ”. The effect of declaring the existence of an encumbrance is to charge the purchasers at the sale with knowledge thereof (15 Carmody-Wait, New York Practice, §§ 310, 326), In Corpus Juris (Vol. 41, Mortgages, § 389, p. 474) it is stated: “A mortgage securing an existing debt or a written obligation for the payment of money, on which interest is reserved, will *1055 likewise • secure such interest as it accrues, hoth in respect of the extent of its lien and for purposes of foreclosure or redemption; and this although the interest is not specially mentioned as being part of the obligation secured by the mortgage”. And in Corpus Juris Secundum (Yol. 59, Mortgages, § 179e, p. 233) it is stated that interest ‘ ‘ accruing on a debt secured by a mortgage is as much a part of the debt as the principal, and the payment thereof in accordance with the obligation is secured by the mortgage.” I believe these digests correctly state the applicable principle.
In Al-Dit Realty Co. v. Hefferon (225 App. Div. 567) the court held (p. 568) that the “ purchaser took title in foreclosure sale under a mortgage subsequent to first mortgages, and subject, of course, to all of their terms and provisions. Of such provisions, one was the payment of interest on the mortgages on the accrual date of each. When the property was sold September 13, 1928, and title taken on October 17, 1928, the next accrual date on one of such mortgages was October 30, 1928, and the other January 15, 1929. Until then accrued interest on neither mortgage was due, and no obligation to pay such interest had arisen. As the sale to the purchaser was necessarily subject to these prior mortgages, the purchaser was bound by their terms in the absence of some agreement that would relieve him from the obligations imposed thereby. ’ ’
As to the interest which accrued prior to the sale — although the judgment contained no specific recital with reference to it — the complaint, in paragraph Seventeenth thereof, stated that “ during the pendency of this action it may be necessary for the plaintiff, in order to protect her interest, * * * to pay principal and interest on prior mortgages as same becomes due.” Although the exact amount due on the principal and by way of interest is not reflected in the report of the Referee to compute, it is stated in the report that some payments of principal and interest were made. The attorney for the purchaser, no doubt, examined the filed papers in order to apprise himself and his client of such pertinent facts as would be revealed therein so that he might arrive at an intelligent understanding as to the amount which his client might desire to bid at the sale. It would therefore appear that the purchaser would naturally inquire as to the exact amount of the mortgage interest as well as of the principal due before he determined what bid he would make at the foreclosure sale, especially since there was a substantial difference between the principal of the mortgage set forth in the complaint and that set forth in the notice of sale. Having read the record, it must have been evident to *1056 him that there was a change of principal and interest due, since the report of the Referee to compute is dated July 1, 1957, the judgment was signed on September 22, 1958, and the sale was not made until August 4, 1959.
The purchaser argues that, if the principal owing on the open first mortgage were $200,000 and the past-due interest were $145,000, it would be inequitable to require him to find additional funds, immediately after the taking of title from the Referee, so that a foreclosure of the prior mortgage would be prevented — unless these facts were made known to him at the sale. The argument may be persuasive. But the case is entirely hypothetical, and it is not the present situation. The purchaser here was not informed that there was an £ £ open mortgage as reduced ’ ’, nor that there was an £ £ open mortgage of $339,-940.00.” He was informed that there was an ££ open mortgage of approximately $345,000.00.” The difference between the figures is approximately the amount of interest accrued and unaccrued up to the time of the sale. So, upon this record, it appears that the terms of the sale were not so obscure and indefinite as to create an element of surprise at the closing. In fact, the purchaser is not required to pay any more than he must have had in mind when bidding for the property, and it cannot be said that the larger amount in the notice confused his bidding.
As to the last item of interest — which is upon somewhat another footing — I hold that any interest that accrued subsequent to the date of the sale, August 4, 1959, must also be borne by the purchaser. The basis for the holding is Wagner v. White (225 App. Div. 227) where it was decided that it was the date that the property was bid in, rather than the date of the delivery of the deed, which controls the obligation to pay liens.
In short, my determination is that upon all the facts and circumstances here the purchaser is not entitled to have the interest paid by the Referee out of the proceeds of the sale. An order has been signed and entered accordingly.