■ REBECCA WALSKY et al., Plaintiffs, v. FAIRMONT ARMS, INC., et al., Defendants. ALWALL CONSTRUCTION CORP., Appellant; GENERAL LUMBER CORP., Respondent.— Order of the Supreme Court, Queens County, dated July 7, 1966, confirming the report of the Referee in a surplus money proceeding in an action to foreclose a second mortgage, adopting his conclusions and awarding the surplus moneys of about $6,000 to the assignee of the third mortgage, affirmed, with $10 costs and disbursements. The judgment of foreclosure directed that the parcel be sold subject to a prior mortgage on the premises held by a named bank, on which $400,000 had been advanced and which sum bore interest at the rate of 6% per annum. The copy of the terms provided that the premises would be sold subject to a prior mortgage held by said bank on which $400,000 had been advanced and which bore interest at the rate of 6% per annum, commencing November 10, 1963. The prior mortgagee was not named as a party in the foreclosure action. Appellant purchased the premises on a sale held on January 9, 1964 and, on February 10, 1964, it paid $6,000 to the prior mortgagee, as the interest due for the period from November 10, 1963 to February 9, 1964. The purchaser contends that, on the closing, it was entitled to a credit against its purchase price of the $6,000 interest on the prior mortgage which was past due and which should, under the mortgage terms, have been paid off before the buyer came to the closing, and that such $6,000 does not comprise any part of the surplus moneys, particularly in a dispute between the purchaser and the third mortgagee's assignor whose lien has been eliminated in this foreclosure action and whose claim is derivatively through the mortgagor. The purchaser did not assume and agree to pay the interest due on the prior mortgage (see,

e.g., *Silverstein* v. *Brown,* 153 App. Div. 677; General Obligations Law, § 5–705, formerly Real Property Actions and Proceedings Law, § 1381) but it did purchase the property subject to the prior mortgage and, in our opinion, subject to the interest due thereon. The interest on the prior mortgage was properly payable by the purchaser and not by the Referee (*Bache* v. *Doscher,* 67 N. Y. 429; *Al-Dit Realty Co.,* v. *Hefferon,* 225 App. Div. 567; *Keller* v. *Quad Realty Corp.,* 24 Misc 2d 1051, affd. 11 A D 2d 680; *Termansen* v. *Matthews,* 49 App. Div. 163). Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.