## First Department, July, 1967

### (July 6, 1967)

■ JULIUS L. RASSNER et al., as Executors of EDWARD FINKENBERG, Deceased, et al., Appellants, v. R. H. PROPERTIES, INC., et al., Respondents, et al., Defendants. R. H. PROPERTIES, INC., Third-Party Plaintiff-Respondent, v. METROPOLITAN TITLE GUARANTY COMPANY, Third-Party Defendant-Respondent.

MEMORANDUM: Order entered January 24, 1967 affirmed, with $50 costs and disbursements to the respondents.

In this action to foreclose the second mortgage on real property, Special Term denied the plaintiffs' motion to dismiss the first and second affirmative defenses of respondent R. H. Properties, Inc., which defenses allege respectively, payment and estoppel. It also denied plaintiff's motion for summary judgment. We agree with Special Term's decision. The pleadings, as amplified by the affidavits, show that there are questions of fact which should be tried.

One of the questions involves the relationship between defendant R. H. Properties, Inc., — the present owner of the equity — with Rosenthal & Rosenthal, Inc., the corporation that bid in these properties at a prior foreclosure of the third mortgage. It is alleged that R. H. Properties, Inc., took title to these premises as the nominee of Rosenthal & Rosenthal, Inc., and that Rosenthal & Rosenthal, Inc., and R. H. Properties are in fact the same parties. If that be so, then perhaps the R. H. corporation could assert the defenses of payment and estoppel that Rosenthal & Rosenthal could have asserted had it taken title itself.

A further question of fact raised is the relationship between the present plaintiffs with those who held the second mortgage at the time that the representation with respect to the amount due on the property was made. The fact that one of the plaintiffs in this action was the very officer (of the corporations which held the second mortgage) who signed the statement dated May 17, 1961 becomes very significant in the final determination of this case. There must also be determined whether, in fact, Rosenthal & Rosenthal, Inc., relied on the letter of May 17, 1961, in investing the sum of $186,000 in the property by way of a fourth mortgage.

Furthermore, depending on the facts, is the question as to whether the defendant R. H. Properties, Inc., should be deemed to have waived any defenses it might have in consequence of payments of interest on the higher amount claimed by the plaintiffs to be due. The defendant R. H. Properties,

---

* Not published with other decisions of March, 1967, 27 A D 2d 835.—Rep.

Inc., asserts that the payments were made under protest. While payments under protest do not give the defendant R. H. Properties any right it did not already have, it might insulate the defendant from the charge of waiver of any rights it did have. What determination is to be made on the last issue of waiver must await the development of the facts at the trial.

This action is in equity and, of course, equitable principles must be applied. Applying these principles, there is sufficient presented to make necessary a trial of those issues.

McNally, J. (dissenting). In this foreclosure action the sole issue is whether plaintiffs are estopped from establishing the undisputed balance due on the mortgage sought to be foreclosed. Plaintiffs' motion for summary judgment has been denied.

The mortgage note, dated August 1, 1956, is in the sum of $111,000. It is secured by a second mortgage on three parcels of real property within New York County. The unpaid balance is $28,125, with interest from May 1, 1966.

The second mortgage, which is the mortgage involved, is a purchase money mortgage. It was executed in behalf of Misnan Corp., the purchaser of the properties, by one David Schoolman as president. Schoolman was the accountant for the Finkenbergs (the sellers and second mortgagees), who had owned and controlled the properties through their corporations. Schoolman had previously purchased the Finkenberg furniture business.

In 1961, Misnan placed a fourth mortgage for $186,000 with Rosenthal & Rosenthal, Inc. Prior thereto, on May 17, 1961, Misnan addressed an inquiry, signed by Schoolman, to the then second mortgagees, which in part stated: "According to our records the total balance due you at this time is $40,962.50. If this is in agreement with your records, kindly signify by signing as an officer of the three corporations in the lower left hand corner of this letter." In compliance with said request, Pearl Finkenberg, as secretary of the mortgagee corporations, attested to the said balance, which was about $30,000 less than the actual balance then due.

The third mortgage on the properties was foreclosed. On October 14, 1963, prior to the foreclosure sale, Rosenthal & Rosenthal, Inc., the fourth mortgagee, was informed the balance due on the second mortgage was $51,500, with interest, and that the attestation dated May 17, 1961, as to the then balance was incorrect. The foreclosure sale was held October 22, 1963. The premises were sold subject to a second mortgage of $51,500. The bidder was Rosenthal & Rosenthal, Inc., who assigned the bid to the present owner, defendant R. H. Properties, Inc. (R.H.), allegedly the nominee of the former. The referee's deed to R.H. is dated December 4, 1963.

Rosenthal & Rosenthal, Inc., paid the quarter-annual principal installment of $2,125 due November 1, 1963, and R.H. thereafter paid quarter-annual principal installments in the same amount until May, 1966, when R.H. took the position that the balance of $40,962.50 attested to May 17, 1961, had been paid.

R.H. took title to the properties on December 4, 1963, subject to the second mortgage, on which it then knew the balance to be $51,500. (*Keller* v. *Quad Realty Corp.*, 24 Misc 2d 1051, affd. 11 A D 2d 680.) R.H. does not allege reliance on the attestation dated May 17, 1961. It simply avers payment on the assumption that plaintiffs may not establish the balance of the second mortgage on May 17, 1961, was in excess of $40,962.50. Plaintiffs are not estopped from establishing the actual balance due on the second mortgage for defendant R.H. did not and does not claim reliance on the letter of May 17, 1961. Plaintiffs have conclusively established the correct balance. (See

*Wachtel* v. *Equitable Life Assur. Soc.*, 266 N. Y. 345, 351.) Absent reliance and damage, the defenses asserted by R.H. are legally insufficient. (*Payne* v. *Burnham*, 62 N. Y. 69, 73; 31 C. J. S., Estoppel, § 59.)

That R.H. may be the nominee of Rosenthal & Rosenthal, Inc., the former fourth mortgagee, is of no legal significance. R.H. does not allege any defense in the right of Rosenthal & Rosenthal, Inc. Moreover, the latter is not a party. We need not now pass on its rights under the letter of May 17, 1961, against the plaintiffs, if any.

The order denying plaintiffs' motion to dismiss the affirmative defenses of defendant R.H. Properties, Inc., and for summary judgment, should be reversed, and the motion granted.

Stevens, J. P., and Rabin, J., concur in Memorandum; McNally, J., dissents in opinion in which Steuer, J., concurs.

Order entered January 24, 1967 affirmed, with $50 costs and disbursements to the respondents.