LYDE GRIFFITH and LOUISA GRIFFITH, his Wife, *vs.*
DAWSON V. HAMMOND, Trustee, *et al.*

SAME *vs.* JESSE C. ENGLE.

*Exceptions to Sale under a Decree, by persons not Purchasers or parties to the Decree—Writ of habere facias possessionem under the Act of 1864, ch. 283.*

T. H. on the 28th of May, 1874, made his will by which he gave to D. V. H. in trust for L. G. and her children, part of his home farm in Frederick county. About two weeks afterwards he conveyed by deed to D. V. H. a portion of his real estate, including the part so devised in trust, the consideration expressed in the deed being love and affection and the sum of five dollars. T. H. shortly afterwards died, and his personal estate proving insufficient to pay his debts, a bill was filed by one of his creditors against D. V. H. to set aside said deed as made in fraud of creditors. Neither the heirs of T. H. nor his devisees or legatees were made parties. On this bill a decree was passed setting aside the deed as fraudulent, and directing a sale of so much of the real estate of the deceased as might be necessary to pay his creditors; and under the decree the home farm of the deceased was sold to J. C. E. Upon exceptions to the sale filed by L. G. and her husband, it was HELD :

1st. That the exceptants had no right to object to the ratification of the sale.

2nd. That not being parties to the proceeding their rights and interests, whatever they might be, could in no way be affected by the decree and sale.

3rd. That questions raised by the exceptions in regard to the effect and operation of the deed to D. V. H., and to the competency of T. H. to make a valid deed, could not properly be heard and determined in this collateral way.

On a petition by the purchaser at the sale, for a writ of *habere facias possessionem* against L. G's husband, the latter in his answer to the petition stated that he was rightfully in possession of the property at the time it was sold, that he was not a party to the proceedings in the cause, and that he held

possession of the property by title prior to the filing of the bill and paramount and adverse to the petitioner, and to each and all the parties to the suit under which the property was sold.   HELD :

That assuming the respondent's claim to the property to be true as stated in his answer, the purchaser was not entitled under the Act of 1864, ch. 283, to the writ of *habere facias possessionem.*

APPEALS from the Circuit Court for Frederick County, in Equity.

The cases are stated in the opinion of the Court.

The causes were argued before BARTOL, C. J., BOWIE and BRENT, J., and the decision was participated in by GRASON and ROBINSON, J.

*Milton G. Urner, J. E. R. Wood* and *Thomas Donaldson,* for the appellants.

*Wm. P. Maulsby, Jr.* and *Charles W. Ross,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This is an appeal from an order of the Court below, ratifying the sale of certain real estate sold under a decree of the Circuit Court for Frederick County, in Equity.

The facts may be briefly stated as follows:

Thomas Hammond died in the latter part of the year 1874, seized of a large and valuable real estate lying in Frederick, Carroll, Howard and Allegany counties. On the 28th of May, 1874, he executed his will, in which he devised to Dawson V. Hammond in trust for Louisa Griffith and her children, part of his home farm in Frederick county called " Black Castle."

About two weeks after the execution of this will, the testator conveyed by deed to Dawson V. Hammond all his

real estate, in Frederick, Carroll and Howard counties, the consideration set forth in said deed being love and affection and the payment of the sum of five dollars.

The personal estate of the deceased being insufficient to pay his debts, a creditor's bill was filed by the Fredericktown Savings Institution to set aside said deed as being fraudulent as to creditors, and praying for a decree to sell so much ·of the real estate of the deceased as might be necessary to pay his debts.

Neither the *heirs of the late Thomas Hammond*, nor *the devisees* or *legatees under the will of* the 28th of May were made parties to this bill, the only person against whom process was prayed being *Dawson V. Hammond the grantee in the deed of June 13th*, and certain mortgage creditors of the deceased.

On this bill a decree was passed setting aside the deed to Dawson V. Hammond as being fraudulent as to creditors, and directing a sale of so much of the real estate of the deceased as may be necessary to pay his debts.

Under this decree "the Home Farm," known as "Black Castle," part of which was devised by the will of May 28th in trust for Louisa Griffith and her children, was sold to Jesse C. Engle, for the sum of forty-five dollars per acre.

To the ratification of the sale thus made, Louisa Griffith and her husband filed the following, among other objections:

1. That the Court had no jurisdiction to pass the decree under which the property was sold.

2. That the exceptants were not made parties to the proceedings.

3. That the real estate sold was specifically devised in trust for the appellant Louisa Griffith and her children.

4. That the deed to Dawson V. Hammond did not operate as a revocation of the will under which the exceptants claim.

5. That said deed was procured by the fraud of said Dawson.

6. That the grantor was incompetent to make a valid deed or contract.

These exceptions are filed by the appellants who are not *parties to the proceedings under which the property was sold, and who are not here claiming any interest in the fund arising from the sale.* It is sufficient to say, that under such circumstances they have no right to object to the ratification of the sale thus made. Not being parties to the proceedings, their rights and interests, whatever they may be, can in no manner be affected by the decree and sale. It may be proper also to add, that the questions raised by the exceptions in regard to the effect and operation of the deed to Dawson V. Hammond—and to the competency of Thomas Hammond to make a valid deed, could not properly be heard and determined in this collateral way.

The purchaser is not here objecting to the ratification of this sale, and there being no proof in the record impeaching in any manner its fairness, the order of the Court ratifying the same will be affirmed.

*Order affirmed.*

(Decided 16th June, 1876.)

After the ratification of the sale in the above cause, the Court, upon the application of Jesse C. Engle, the purchaser, passed an order directing Lyde Griffith one of the appellants to deliver possession of the property to said petitioner or show cause to the contrary on or before a day therein named.

In answer to this petition and order, the appellant says he was rightfully in possession of the property at the time it was sold—that he was not a party to the proceedings in the cause, that he holds possession of the property by title prior to the filing of the bill, and to the decree and to the

sale, and paramount and adverse to the petitioner and to each and all the parties to the suit under which the property was sold, and that the petitioner had full knowledge of this adverse and paramount claim at the time he became purchaser.

The question is submitted on petition and answer, and assuming the appellants' claim to the property to be true as therein stated, it is very clear the appellee is not entitled under the Act of 1864, chap. 283, to the writ of "*habere facias possessionem.*"

In fact it would hardly be consistent to deny the appellant the right to except to the ratification of the sale, on the ground that he was not a party to the suit, and could not in any manner be bound, or his rights affected by the proceedings, and then after the ratification of the sale to dispossess him by a wit of "*habere facias,*" in the face of the paramount claim to the property set up in his answer.

The order of the Court directing the writ of "*habere facias possessionem*" must be reversed and the cause remanded.

*Order reversed, and*
*cause remanded.*

(Decided 16th June, 1876.)