Patterson, J.
Under the circumstances disclosed by the affidavits read in opposition to the petition of the receiver, I think the motion to require the defendant Belknap to pay over rents accrued prior to August 1, 188G, should be denied.
The grave questions involved of the relation of the shareholders to the corporation as the owner of the apartment house, and the peculiar method of fixing the yearly contributions of shareholders occupying apartments, should not be disposed of on a motion of this character, but in an action in which all parties interested can be heard. It is admitted that such an action is pending before a referee appointed by this court.
It is extremely doubtful whether a receiver of the rents and profits in a foreclosure case can reach rents accrued prior to the commencement of the suit in which he was appointed. There is authority for the affirmative of the proposition in the many English cases which have been cited, and in the decisions of the court of chancery of this State. But in Argall v. Pitts (78 N. Y. 239), the court of appeals has broadly stated the rule that such a receiver “ will be confined to the rents and profits accruing during the pendency of the suit.” Although the precise question involved here *348 was not directly before the court, the strong, statement of the rule there made indicates the view of the court of last resort to be against the practice of extending receiverships of the rents and profits to rents accruing before suit. The receiver’s clause in the mortgage does not in terms refer to the rents in arrear at the time of default, and the order of this court appointing the receiver defines his rights and powers to be those of receivers in foreclosure cases.
The motion is denied, but without costs.