AL-DIT REALTY CO., INC., Plaintiff, *v.* KATIE HEFFERON and Others, Defendants, Impleaded with THOMAS J. O'CONNOR, Appellant. MARTIN J. HOLMES, Respondent.

First Department, April 5, 1929.

*Thomas J. O'Connor* of counsel [*John Moroney* with him on the brief; *Thomas J. O'Connor*, attorney], for the appellant.

*Isaac Gluckman*, for the respondent.

O'MALLEY, J. The mortgaged premises, the subject of the foreclosure, were sold by the referee on September 13, 1928, title to pass October 17, 1928. There were two parcels on each of which was a prior first mortgage. The receiver of rents and profits under the authority of the order appointing him had paid prior installments of interest on each of these mortgages, one of which had fallen due April 30, 1928, and the other on July 15, 1928.

On October seventeenth, when title passed, there was accrued interest on both in the amount of $702.13. Through inadvertence, it is claimed the purchaser was not given credit for this sum when the referee delivered the deed and passed title. A motion made by the purchaser resulted in the order appealed from, which in substance directs that the receiver pay out of rents in his hands such sum, and in the event that he is not in possession of sufficient funds to make the payment, that the referee be required to do so.

In our view there is no authority for the order made. The purchaser took title in foreclosure sale under a mortgage subsequent to first mortgages, and subject, of course, to all of their terms and provisions. Of such provisions, one was the payment of interest on the mortgages on the accrual date of each. When the property was sold, September 13, 1928, and title taken on October 17, 1928, the next accrual date on one of such mortgages was October 30, 1928, and the other January 15, 1929. Until then, accrued interest on neither mortgage was due, and no obligation to pay such interest had arisen. As the sale to the purchaser was necessarily subject to these prior mortgages, the purchaser was bound by their terms in the absence of some agreement that would relieve him from obligations imposed thereby.

A vendee in an ordinary contract for the purchase of real estate not specifically providing for such, is not entitled to an apportionment of accrued interest not due and payable, under a mortgage subject to which he takes title (*Lynch* v. *Rinaldo*, 58 How. Pr. 133); and we can perceive no difference in principle in this respect between

such a sale and one under a judgment of foreclosure, such as we have here. It is to be noted, moreover, that even in the case of taxes a purchaser is entitled to a credit upon his bid price to the amount thereof only in the event that they have become a lien (Civ. Prac. Act, § 1087); and even then he may, under certain circumstances and pursuant to the judgment and terms of sale, be required to assume them. (*Wagner* v. *White*, 225 App. Div. 227.)

In this view it becomes unnecessary to consider the applicability of the principle of law upon which the decision at Special Term was based. This is to the effect that a referee in a foreclosure sale is bound by the provisions of the judgment of foreclosure and is without authority to insert in the terms of sale any provision in variance with the judgment. Because there was in the judgment here no direction to sell subject to prior mortgages or accrued interest thereon, the purchaser urged, and the court held, under the authority of *Mullins* v. *Franz* (162 App. Div. 316), and like authorities (*People ex rel. Day* v. *Bergen*, 53 N. Y. 404; *Heller* v. *Cohen*, 154 id. 299), that the referee's act in inserting a provision in the terms of sale that it was to be subject to accrued interest on prior mortgages was unauthorized and without legal effect.

But for the reasons already indicated such a provision in the terms of sale in no way prejudiced the purchaser. His legal obligations were already fixed by the terms of the instruments subject to which the sale was made, and the terms of sale imposed upon him no burdens not already created by the judgment itself.

We are also of the opinion that the fact that the receiver was in possession on the date of the delivery of the deed and had until such time collected the rents, in no way affects the situation. It is elementary that until the taking of title, the purchaser is not entitled to any part of the rents. The referee's authority to pay interest on prior mortgages granted in the order of appointment, was permissive merely and not mandatory. He would be justified under such authority in paying interest only after it had become due and payable by the terms of the prior mortgage.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.