FOREST HILL CEMETERY ASSOCIATION, Respondent, *v.* JEREMIAH S. SULLIVAN and Others, Respondents.

FRED SAHLE, Purchaser on Mortgage Foreclosure Sale, Appellant.

Fourth Department, May 4, 1932.

*T. P. Heffernan* and *Kenneth W. Glines,* for the appellant.

*Clinton O. Tarbox,* for the plaintiff, respondent.

*John Leo Sullivan,* for the defendants, respondents.

EDGCOMB, J. This action, which was brought to foreclose a mortgage upon real property, proceeded to judgment and sale without question or objection. The sale was had on January 10, 1931, and the property was bid in by Fred Sahle, the appellant, for the sum of $2,633.54. Ten per cent of the purchase price was paid by the purchaser. Nothing further was done until the middle of March when, at the request of plaintiff's attorney, Mr. Sahle paid to the referee the balance of the purchase price, and received his deed.

Subsequently plaintiff moved to confirm the referee's report of sale. This motion was opposed, not by any party to the action, but by Eileen Sullivan, a stranger to the proceeding.

It seems that the property was originally advertised for sale on January 3, 1931, and that, by consent of all parties, the sale was adjourned for one week. During this interval the plaintiff and Mr. Sahle, who up to that time had no interest in the action, entered into an agreement in writing, the important features of which read as follows: " The property known as the Jerry Sullivan property on Newton Street, Fredonia, is about to be sold by a referee duly appointed, Louis G. Monroe, and it is understood that Fred Sahle is to bid in said property and that the house and lot size 50' x 175' is to be transferred to Eileen Sullivan, * * *; that the said Fred Sahle is to have the rear land consisting of about an acre and a half, more or less, and he to pay for said lot the sum of $700., * * *; that Biscaro Brothers are to buy the front lot consisting of 47' frontage on Newton Street by 175' depth and to pay therefor the sum of $500. and assume to pay the street taxes against said lot."

Eileen Sullivan and Biscaro Brothers were not parties to this contract, and were not bound by its terms. The agreement expressed no consideration. It is indefinite in many particulars; it does not specify any time for the performance of the things contemplated to be done by the various persons mentioned therein.

The court refused to either confirm or set aside the sale, but made an order canceling the deed to Mr. Sahle of record, and declaring it to be null and void, and ordered the referee to execute and deliver to Eileen Sullivan, Biscaro Brothers and Fred Sahle separate deeds to the various portions of the mortgaged property in accordance with the agreement between plaintiff and said Sahle.

We think that the court below was without power to make the order appealed from.

The judgment of foreclosure and sale is final (Civ. Prac. Act, § 1082; *Bondy* v. *Aronson & List Realties, Inc.*, 227 App. Div. 136, 138); it directs the referee to execute and deliver a deed of the

premises sold to the purchaser. Sahle bid in the entire property. Eileen Sullivan was not a purchaser of any portion of the premises; neither were Biscaro Brothers. If a purchaser on a judicial sale assigns his bid to a third party, and directs the officer making the sale to execute the deed direct to such assignee, that official would, without doubt, be justified in so doing. Such conveyance, however, would be without prejudice to the equitable rights or liens of third persons against the original purchaser. But that is not the case here. Sahle has never assigned or transferred his rights under his bid to any part of this property.

As before noted, Eileen Sullivan was not a party to this action. She had no interest in the proceeds of the sale. She was not a bidder. The confirmation of the sale would not affect her rights, if she had any, under the contract between plaintiff and Sahle. Under these circumstances she was not in a position to thwart the ratification of the sale which had been made. (*Griffith* v. *Hammond*, 45 Md. 85; *Matter of Adair*, 29 Del. [6 Boyce] 245, 249.)

In the *Adair Case* (*supra*) it was held that, to entitle a person to oppose the confirmation of a foreclosure sale, the objector must be one whose interest appears by the records of the court; that an objection cannot be made for the purpose of trying out title between persons not parties to or directly affected by the sale.

*Griffith* v. *Hammond* (*supra*) is very similar to the case at bar. In that case an appeal was taken from an order ratifying the sale of certain real property sold under a decree in equity. The appellants were not parties to the proceedings under which the premises were sold, and claimed no interest in the fund arising from such sale. It was held that they were not in a position to object to the sale.

We think that the court erred in granting the order appealed from for another reason. Appellant seriously disputes his liability to Eileen Sullivan and Biscaro Brothers under his agreement with the plaintiff. That question cannot properly be heard and determined in this collateral way. Controverted questions, deserving serious thought and consideration, are involved, and can be decided much more satisfactorily in an appropriate action brought for that purpose, where the witnesses can be produced, and examined and cross-examined, than on conflicting affidavits. (*Hill* v. *Hermans*, 59 N. Y. 396; *New York Elevated R. R. Co.* v. *Manhattan R. Co.*, 63 How. Pr. 14, 33; *Mutual Life Ins. Co.* v. *Belknap*, 19 Abb. N. C. 345, 347; *Phillips* v. *Wicks*, 38 N. Y. Super. Ct. 74; *Griffith* v. *Hammond*, 45 Md. 85, 88.)

While the pendency of the action which has been brought by Eileen Sullivan to compel appellant to specifically perform his

agreement with the plaintiff does not deprive the court below of jurisdiction to grant the order made (*Phillips* v. *Wheeler*, 67 N. Y. 104, 107), it is clear that the rights of the parties can be determined much more satisfactorily on the trial of that action than they can be on this motion, based as it is on incomplete and contradictory affidavits.

In *Hill* v. *Hermans* (59 N. Y. 396) defendant's motion to dismiss the appeal upon a stipulation was opposed upon affidavits tending to show that such consent was obtained by undue influence. The court refused to pass upon the motion, as the evidence upon the question of undue influence was conflicting, and granted a stay to enable the plaintiff to bring an action to set aside the stipulation.

*Mutual Life Ins. Co.* v. *Belknap* (19 Abb. N. C. 345) was an action to foreclose a mortgage on an apartment house in New York city. A receiver of the rents and profits had been appointed. The defendant Belknap was in occupation of two apartments in the building under a lease with the owner. A motion was made to require Belknap to pay to the receiver rent alleged to have been due and in arrears at the time of the receiver's appointment. Belknap denied liability for such rent. The motion was denied upon the ground that the question involved could better be disposed of in an action in which all parties could be heard than on a motion of that character.

On a motion to confirm, the court may approve the sale, or, if good reason is shown, may set it aside and order a resale. On the record before us we think that it was the duty of the court to confirm the sale. Sahle was the purchaser of the entire property; he had fully complied with the terms of sale; the price paid was not unfair nor inadequate; the sale was free from fraud; the proceedings were conducted in conformity with the judgment of foreclosure and sale and the provisions of the statute. Under such circumstances, there is no reason why the sale should not receive judicial sanction.

The order appealed from should, therefore, be reversed, and the sale should be confirmed.

All concur.

Order reversed on the law, with ten dollars costs and disbursements in favor of the appellant Sahle and against the intervening parties, and motion to confirm sale granted, without costs.