MEYER BLUMBERG, Respondent, v. FRANK GIORGIO, JR., Trustee in Bankruptcy of the NOX REALTY CORPORATION, Appellant.* (Appeals Nos. 1, 2 and 3.) — Order in appeal No. 1, entered January 24, 1933, denying defendant's motion to vacate referee's amended report and the deficiency judgment entered thereon, reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Order in appeal No. 2, entered on the same date, granting plaintiff's motion to permit the filing of referee's amended report nunc pro tunc and to confirm said report, reversed on the law and motion denied. Order in appeal No. 3, entered February 27, 1933, made on reargument, denying defendant's motion to vacate the referee's amended report and the deficiency judgment entered thereon, reversed on the law and motion granted. In so far as it grants plaintiff's motion to permit the filing of the referee's amended report nunc pro tunc and to confirm said report, the order is reversed on the law and motion denied. The plaintiff in the foreclosure action filed a referee's report showing that a deficiency occurred on the sale of $456.57. This report was confirmed ex parte and a judgment for such deficiency entered against the defendant. More than thirteen months later the plaintiff moved ex parte to vacate the order of con-

---

* Motion to dismiss appeal denied, 262 N. Y. 564; affd., Id. 650.

firmation and later presented what is called an amended report of the referee allowing a sum which the plaintiff (the purchaser) claims to have paid for taxes theretofore a lien on the premises sold. This increased the deficiency to $1,779.12. It was, in effect, an amendment of the judgment not for a mistake, omission or irregularity, but in a matter of substance. The referee became *functus officio* thirty days after completing the sale, during which period he was required to file his report. (Civ. Prac. Act, § 1088.) There is no legal authority for a referee to make an amended report, particularly after the expiration of the thirty-day period. There would be no stability or finality to a judgment if a referee could indefinitely continue to make amended reports changing the amount once entered as a deficiency judgment. The court had no power to grant such an amendment of the judgment. (*Al-Dit Realty Co., Inc.,* v. *Hefferon,* 225 App. Div. 567, 569; *Dicianni* v. *Wrong,* 224 id. 621; *Wagner* v. *White,* 225 id. 227.) If a motion had been made to vacate the judgment the defendant would have been entitled to notice. (Rules Civ. Prac. rules 60, 62; *Matter of City of New York* v. *Every,* 231 App. Div. 576.) It may be that the court would be justified in vacating the deficiency judgment and directing a new judgment in conformity with the judgment of foreclosure and sale, but that must be done at Special Term on notice to the defendant; or, as respondent's attorney suggested on the argument, he may make a claim for the amount of the taxes on the surplus money arising in another case between the same parties. Concerning these matters we express no opinion, but leave the plaintiff to pursue such remedy as he is advised. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.