RECONSTRUCTION FINANCE CORPORATION, Respondent, v. CECIL C. FINCH et al., Appellants, et al., Defendants.— Appeal from an order of a Special Term, Supreme Court, Fulton County. A judgment of deficiency of $74,513.25 in this mortgage foreclosure action has been granted by the court at Special Term; and appellants raise two procedural objections. The first is based on section 1083 of the Civil Practice Act which provides that a motion for a deficiency judgment may be made simultaneously with a motion to confirm a sale if the latter motion is made within 90 days after "the date of consummation of the sale by the delivery of the proper deed of conveyance". The deed was actually delivered by mail on August 13, 1953; the motion to confirm and for a deficiency judgment was made October 16, 1953. This is well within the statutory time. Appellants argue that in the terms of sale it was noted that the Referee's deed would be delivered on June 12, 1953 and that hence the time within which the motion for confirmation must be made then began to run. The date referred to in the terms of sale was not a specific undertaking by the Referee to deliver a deed June 12. It was stated in the form of a requirement by the purchaser to pay the price on that day, and a statement or notation that this was a date on which the deed "will be ready for delivery". The failure to have the deed "ready for delivery" then was certainly not fatal to the proposal for sale and its actual delivery within a reasonable time thereafter was a sufficient compliance with the terms of sale. The statute, in any event, fixes the time of the "delivery" of the deed as measuring the 90 days to make the motion and not an earlier time at which it might or should have been delivered. The Referee certainly had the power to adjourn the sale or the completion of the proceeding (*Moir* v. *Flood*, 66 App. Div. 544), and no prejudice to appellant has been shown. The second objection is that the Referee's report of sale was not timely filed. Section 1088 of the Civil Practice Act provides that the report of the Referee must be filed within 30 days after "completing" the sale. The Referee's report was filed September 12. The sale was, in our view, not completed until the deed was delivered to the purchaser, which, as we have seen, was by mail on August 13. The report was filed

within 30 days of that date. If the sale be deemed completed earlier, i.e., August 10, when the deed was executed and placed in the mail, the filing of the report September 12 was a mere irregularity which the court must disregard. (Civ. Prac. Act, §§ 105, 109; cf. *Brown* v. *Faile*, 112 App. Div. 302; *Hammond* v. *Barone*, 33 N. Y. S. 2d 119). Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.