James J. Conroy, J.
In an action to foreclose a mortgage, one of the defendants, Tom Boyce, doing business under the firm name and style of Tom Boyce Associates, moves (1) to have the Beferee’s report concerning the sale of the premises which were the subject of the foreclosure action filed nunc pro tunc as of August 13,1961, (2) to confirm the report of sale and (3) to turn over the surplus moneys to him, or, in the alternative, to appoint a Beferee to ascertain and report the amount due the defendant or any other person.
The defendant Tom Boyce contends that the Beferee completed the sale and conveyed the property on August 10, 1961, but that the Beferee did not file his report of sale until December 6,1961. He further contends that he filed his notice of claim for the surplus moneys on July 31, 1961. He alleges that the delay in the filing of the Beferee’s report of sale prejudices him in that, pursuant to section 1082 of the Civil Practice Act, he would be delayed three months after the filing of such report before he could make application to confirm that report and claim the surplus moneys.
Section 1088 of the Civil Practice Act requires the Beferee appointed to sell real property upon which a mortgage has been foreclosed to make a report concerning the sale and conveyance of such property within 30 days after “ executing the proper conveyance to the purchaser.”
The failure of a Beferee to comply with section 1088 of the Civil Practice Act is a mere irregularity. (McCoy v. Bailey, 24 Misc 2d 875, 876.) This irregularity “may be corrected *997 * * * in the discretion of the court with or without terms”. (Civ. Prac. Act, § 105.) The court may disregard the irregularity (Reconstruction Fin. Corp. v. Finch, 8 A D 2d 869, 870), or such irregularity may be corrected nunc pro tunc (see Blumberg v. Giorgio, 239 App. Div. 799, affd. 262 N. Y. 650; Sibley Realty Corp. v. Schwab, 11 Misc 2d 997).
Inasmuch as the failure to file the Referee’s report of sale would prejudice the defendant Tom Royce by delaying his application to confirm such report and claim the surplus moneys, that branch of the motion which seeks to have such report filed nunc pro tunc should be granted. However, section 1082 of the Civil Practice Act provides, in pertinent part, that a motion to confirm a referee’s report of sale “ shall not be made within three months after the filing of the report and shall in any event be made not later than four months after the filing of such report ”. Under these circumstances, it would be improvident to correct the irregularity herein nunc pro tunc as of August 13,1961, since it is apparent that, if this were done, this motion to confirm said report would be untimely. Therefore, the date for the filing of the Referee’s report shall be September 9,1961. That branch of the motion which seeks to confirm the Referee’s report is granted.
The record is not clear concerning the rights of the owners of redemption. Under these circumstances, a Referee is to be appointed to ascertain and report the amount due any person entitled to the surplus moneys.