James H. Boomer, J.
In this mortgage foreclosure action the mortgagee bank .seeks a judgment of foreclosure and sale, not only of the real property, an apartment house, but also of the personal property used in connection with the apartment house. The mortgage covers the personal property as well as the real property and the only question involved in this action is whether the bank has released the personal property from the lien of the mortgage.
On the trial the attorney for the mortgagor produced an instrument that purported to release the personal property from the lien of the mortgage. The release was signed by the president of the mortgagee bank, was duly acknowledged by him and was later recorded. ‘ ‘ A written release, in order to be effective, must be executed and delivered.” (49 N. Y. Jur., Release and Discharge, § 10.) The defendant bank admitted the execution of the release, but denied delivery.
The defendant mortgagor proved the recording of the release and then rested. Recording is presumptive or prima facie evidence of delivery (Sweetland v. Buell, 164 N. Y. 541, 552; Ford v. Gale, 155 App. Div. 675, 678). In rebuttal, .the .president of the mortgagee bank testified that the release was never physically delivered to the mortgagor. Rinaldo, the president of the mortgagor, then testified that he was given the release by the president of the bank to deliver to a credit corporation in New Jersey. Rinaldo had arranged for addi *209 tional financing from the credit corporation and the transaction was to he closed in New Jersey the next morning. The financing fell through and instead of delivering the release to the credit corporation, or returning it to the bank, Einaldo kept the release and later recorded it. He then, on behalf of his corporation, executed an instrument creating a security interest in the personal property in question in favor of his father for past services rendered.
Do these facts prove delivery of the release to the mortgagor? I hold not. Adapting the language in Gilbert v. North Amer. Fire Ins. Co. (23 Wend. 43, 46), “It [the release] was not put into the hands of the grantee to keep, but merely as a mode of transmission to [the financing company] * * * There was neither any formal delivery, nor any intent that the grantee should take it as the deed of the grantor. [Einaldo] received it, not as grantee, but as the agent of the grantor for a special purpose; and I see no good reason why he could not execute that trust as well as a .stranger. ’ ’
The language in Brackett v. Barney (28 N. Y. 333, 340-341) is also pertinent here: “ The delivery of a deed, without acceptance, is nugatory (Crosby v. Hillyer, 24 Wend. 284), and the mere taking of an instrument into his hands by the grantee, and retaining it, of itself, amounts to nothing, where the circumstances show that he did not receive or hold it as an effective conveyance. (Jackson v. Richards, 15 Wend. 617.) The question of delivery, .involving acceptance, is always one of intention, depending on the circumstances of the transaction. (Bell v. Ingestree, 12 Ad. & EL, N. S. 317; Chouteau v. Suydam, 21 N. Y. 179.) In some cases, the intention is clear, in others, it is doubtful; but the intention always determines the character of the act. An intention to deliver, on the one hand, and to accept, on the other, is necessary to give effect to the instrument. * * * A deed ¡may be delivered to the grantee * * * to be carried by the grantee and delivered to a third party (Gilbert v. North Amer. Fire Ins. Co., 23 Wend. 43) * * * without the conclusive inference, in any of the cases, that such delivery gives effect to the instruments. In every such case, when an absolute delivery was not intended, the grantee would be a mere trustee of the instrument for the grantor.”
I find that the bank did not intend to release the personal property from the lien of the mortgage unless and until the defendant mortgagor obtained additional financing using the personal property as .security. The release was entrusted to Einaldo .solely for the purpose of delivering it at the closing *210 then to be delivered and recorded .simultaneously with the receipt by-Rinaldo of the proceeds of the additional financing for his corporation.
The defendant argues that the bank was willing to deliver the release to Rinaldo’s corporation at any time he requested it and that the transmission of the release to Rinaldo was a complete and effectual delivery. I find otherwise.- While the bank was to receive no monetary payment for the delivery of the release to the finance company in New Jersey, it may well have anticipated a benefit from the new additional financing. Had the additional financing been received, this foreclosure action might -not have been necessary. I find that the bank never indicated any intention of releasing the personal property from the lien of its mortgage except upon the condition that the mortgagor receive additional financing using the personal property as security.
I conclude that the release was ineffectual .since it was not delivered and the plaintiff is entitled to a judgment of foreclosure and sale not only of the real property but also of the personal property.