SAVINGS BANK OF UTICA, Appellant, v 561-575 DELAWARE AVE., INC., et al., Respondents. [607 NYS2d 528] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly concluded that plaintiff's motion for a deficiency judgment was not timely under RPAPL 1371. RPAPL 1371 (2) provides that a party moving for a deficiency judgment must make the motion "within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser". Local counsel for plaintiff conceded that he received the deed on February 12, 1992; the deed was not filed until May 28, 1992. Plaintiff's contention that the deed delivered on February 12 was not a "proper" deed because it was not accompanied by an executed gains tax affidavit is without merit. Whether the deed could have been recorded without the gains tax affidavit is irrelevant. "The fact that a deed may not be recorded until a later

date does not affect the validity of the conveyance" *(Crossland Sav. v Patton,* 182 AD2d 496, *lv denied* 80 NY2d 755).

Plaintiff's contention that the deed was not delivered to the "purchaser" also is without merit. Plaintiff's local counsel accepted and retained the deed without objection and filed it on behalf of the purchaser. It is not disputed that the law firm to whom the deed was delivered represented plaintiff, thus creating an agency relationship *(cf., Bianco v Coles,* 131 AD2d 10, 13). (Appeal from Order of Supreme Court, Erie County, Fudeman, J.—Deficiency Judgment.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.