■ GEDDES FEDERAL SAVINGS & LOAN ASSOCIATION, Respondent, v CHARLES W. FERRANTE, Appellant and Third-Party Plaintiff-Appellant, et al., Defendants. DANIEL F. MATHEWS, JR., et al., Third-Party Defendants-Respondents. [642 NYS2d 109] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting plaintiff's cross motion for summary judgment. Plaintiff, the mortgagee, could validly assign to defendant its successful bid at the foreclosure sale and direct the Referee to execute and deliver the deed directly to defendant (*see, Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400, 411; *Forest Hill Cemetery Assn. v Sullivan,* 235 App Div 269, 271). Defendant, however, submitted evidence in admissible form raising a factual issue whether a Referee's deed had been previously delivered to and accepted by plaintiff (*see, Ten Eyck v Whitbeck,* 156 NY 341; *see generally, Brackett v Barney,* 28 NY 333, 340-341; *First Fed. Sav. & Loan Assn. v Ivy Ridge,* 76 Misc 2d 208, 209, *affd* 50 AD2d 1057), thereby passing title to plaintiff (*see, Dorff v Bornstein,* 277 NY 236, 241; *Savings Bank v 561-575 Delaware Ave.,* 201 AD2d 946), exhausting the Referee's authority under the judgment of foreclosure (*see, Mullins v Franz,* 162 App Div 316, 318), and leaving the Referee with no title to convey to defendant (*see,* RPAPL 1353; *Jorgensen v Endicott Trust Co.,* 100 AD2d 647, 648). (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Green, J. P., Pine, Fallon, Doerr and Davis, JJ.