OPINION OF THE COURT
Phillip R. Rumsey, J.
The plaintiff BSB Bank & Trust (Bank) moves for an order to confirm the Referee’s report of sale in this foreclosure action; to determine the fair market value of the premises as of the date such premises were bid on at auction as $220,000; for a *302 deficiency judgment in favor of the Bank in the amount of $163,800.62; and for $750 disbursements in obtaining an appraisal.
The defendant David J. Yaman alone opposes the motion and contends that the Bank should be barred from the relief sought.
Pursuant to the judgment of foreclosure and sale, the mortgaged premises were sold at public auction by the Referee on January 11, 1996 to the Bank for $200,000.
Approximately nine months later, the Referee’s deed to the premises was delivered on October 16, 1996.
The Referee’s report of sale was filed in the Office of the Clerk of Cortland County on October 22, 1996 and reports a deficiency of $183,800.32. No objections were filed to the report.
The judgment of foreclosure and sale provides that the Bank may apply for a deficiency judgment pursuant to RPAPL 1371.
The defendant’s position on this motion is that the failure to deliver the Referee’s deed within a reasonable period of time bars recovery of any deficiency by the Bank and, if it does not, a question of fact exists as to the value of the property.
RPAPL 1371 (2) provides that a motion for leave to enter a deficiency judgment must be made within 90 days after consummation of the foreclosure sale by delivery of the deed to the purchaser.
Generally, the 90-day limitation period is figured from the actual date of the delivery of the deed, and not from any earlier date at which the deed might or should have been delivered (Reconstruction Fin. Corp. v Finch, 8 AD2d 869),
Defendant contends that because no motion for a deficiency was made in the 90 days following the sale, he concluded none would be made and changed his position as to his other creditors, all to his prejudice.
The Bank delayed in taking title to the property in the (not uncommon) hope that it could find a purchaser who would take its bid. The Bank’s intention was communicated to the defendant’s counsel in a letter dated March 23, 1996. It does not appear that the defendant objected to the Bank’s course of action, or requested that it either bring on the motion or waive its right to proceed for a deficiency.
Under all the circumstances of this case, the nine-month delay was not unreasonable so as to estop the Bank from pursuing a deficiency judgment.
The reason for the delay was not designed to impede the c defendant’s rights but for the business purposes of the Bank. It *303 sought to find a buyer (which could have benefited the defendant by reducing or avoiding the deficiency) and bypass paying transfer taxes twice. The defendant was apprised of this action. He had the opportunity to object or at the minimum to verify whether a motion for a deficiency would be made. He did neither.
The court finds no prejudice to the defendant arising from the delay in delivering the deed. The defendant had his options, and he chose to settle with his creditors by choice not because of any representation by the Bank.
The Bank has submitted an appraisal from Richard J. Haver, Sr., Appraiser/President, Acme Appraisal Services, opining that the "as is” market value of the "Leased Fee Estate” of the subject property is $220,000 as of January 22, 1996. The appraiser reached the market value of the subject premises through the sales comparison approach and the income approach. The appraisal sets forth the manner in which the two approaches to value were employed and is sufficiently detailed to enable the court to set the value of the subject premises.
The statute mandates that the court shall determine the fair and reasonable market value of the premises "upon affidavit or otherwise as it shall direct” (RPAPL 1371 [2]).
After considering the defendant’s affidavit and proof, the court finds that the market value of the property is $220,000 as found in the appraisal submitted by the Bank.
The defendant is correct however that the rents collected by the Bank should have been applied to the principal and interest due by the defendant. Allowing for the expenses* incurred by the Bank in the amount of $4,828.63 (schedule attached to the affidavit of Kevin O’Hara) and crediting the defendant with rents in the amount of $46,448.31, the court finds a deficiency in the amount of $122,181.14.

 The claimed anticipated fees and expenses in the amount of $1,500 ascribed to this motion are not granted.