OPINION OF THE COURT
Andrew V. Siracuse, J.
The Real Property Actions and Proceedings Law requires that deficiency judgments be made “within ninety days after the date of the consummation of the [foreclosure] sale by delivery of the proper deed of conveyance to the purchaser” (RPAPL 1371 [2]). In the present case the foreclosure sale took place on November 13, 1996. The mortgagee, Lennar Northeast, was the successful bidder at the sale, but it sought another purchaser for the property. Since there were large municipal tax liens burdening the property (a sizable industrial/ office building), such a purchaser was unlikely to be found unless these liens were cleared, and Lennar sought relief from Bankruptcy Court and then entered into negotiations with the City of Rochester.
Pending resolution of the tax issue the foreclosure deed was not recorded. Instead, it was held “in escrow” by Lennar’s attorney. The documents had been executed in blank, without purchase price or purchaser’s name, and were handed to the attorney by the Referee; thus, Lennar could secure another buyer by assigning its bid position, without transfer taxes.
The Bankruptcy Court denied Lennar’s application in April 1997, but the outcome of negotiations with the City were satisfactory. Another buyer was not forthcoming, so Lennar recorded the deed and transferred title to itself on November 17, 1997. A receiver, who had been maintaining the property under court order, ceased his activities as of that date, and within 90 days the plaintiff moved for a deficiency judgment against the Gifaldis.
The issue presented in this case is the propriety of this motion. While the Gifaldis have challenged the amount of the deficiency calculated by the plaintiff, relying on their own appraisal to claim a substantially higher market value for the property, the heart of their objection is that the consummation of the foreclosure sale took place when the deed was delivered to Lennar’s attorney on November 13, 1996. Lennar, on the other hand, argues that the sale was not and could not be consummated until the deed was filled in and readied for recording, on November 17, 1997. The motion is untimely if the Gifaldis’ interpretation is correct and timely if the court finds for Lennar.
*115 There is little authority to guide the court in this decision, and what authority there is diverges from one Department to the next. The Supreme Court, Cortland County, stated flatly that “the 90-day limitation period is figured from the actual date of the delivery of the deed, and not from any earlier date at which the deed might or should have been delivered” (BSD Bank & Trust v Yaman, 174 Misc 2d 301, 302, citing Reconstruction Fin. Corp. v Finch, 8 AD2d 869). The Second Department, in a recent case, treated the matter similarly (Atlantic Bank v Weiss, 234 AD2d 240), letting a delay of more than two years pass without comment.
The Fourth Department, however, has addressed this issue most clearly, and its approach differs from that of the Second Department.* In Savings Bank v 561-575 Delaware Ave. (201 AD2d 946) the deed was received by the bank’s local counsel on February 12, 1992, but the deed was not recorded until May 28. The court held that the 90-day limitation period began to run from February 12: “Plaintiff’s local counsel accepted and retained the deed without objection and filed it on behalf of the purchaser. It is not disputed that the law firm to whom the deed was delivered represented plaintiff, thus creating an agency relationship” (201 AD2d, supra, at 947). It appears from the record on appeal that the sale took place some time before February 12, but that the deed remained in the hands of the Referee until that date.
The most compelling case from the Fourth Department, however, is Geddes Fed. Sav. & Loan Assn. v Ferrante (226 AD2d 1099). Although the facts at issue were not comparable to those in the present case, the explanation given by the Appellate Division is quite explicit: “Plaintiff, the mortgagee, could validly assign to defendant its successful bid at the foreclosure sale and direct the Referee to execute and deliver the deed directly to defendant (see, Polish Natl. Alliance v White Eagle Hall Co., 98 AD2d 400, 411; Forest Hill Cemetery Assn. v Sullivan, 235 App Div 269, 271). Defendant, however, submitted evidence in admissible form raising a factual issue whether a Referee’s deed had been previously delivered to and accepted by plaintiff (see, Ten Eyck v Whitbeck, 156 NY 341; see generally, Brackett v Barney, 28 NY 333, 340-341; First Fed. Sav. & Loan Assn. v Ivy Ridge, 76 Misc 2d 208, 209, affd 50 AD2d *116 1057), thereby passing title to plaintiff (see, Dorff v Bornstein, 277 NY 236, 241; Savings Bank v 561-575 Delaware Ave., 201 AD2d 946), exhausting the Referee’s authority under the judgment of foreclosure (see, Mullins v Franz, 162 App Div 316, 318), and leaving the Referee with no title to convey to defendant (see, RPAPL 1353; Jorgensen v Endicott Trust Co., 100 AD2d 647, 648).” (Supra, at 1099.)
The key consideration is the power of the Referee to convey title. Once that power passes into the hands of another, the sale would appear to have been consummated. A mere contractual obligation to pass title would be insufficient, so the date of the sale itself would not govern unless the Referee were acting as the buyer’s agent, a factor not present here; thus, as in Savings Bank (supra), the date the deed passed beyond the Referee’s control begins the limitation period.
In this case the deed passed to the purchaser’s agent on the date of the sale, November 13, 1996. At that point the documents were executed “in blank”. The plaintiff had full and unfettered discretion over the name of the purchaser and the purchase price, and in every aspect but recordation was effectively in control of the disposition of the property. The Referee was powerless to convey the property to another or rescind the sale.
The court thus finds that the sale was consummated on November 13, 1996, and the deficiency judgment was untimely. The plaintiff has argued that it did not undertake this course of action to prejudice the defendants, but to secure a better price for the property, something which might even benefit the defendants by reducing the deficiency. This may be so, but the plaintiff does so at its peril. The limitation period is a fixed one and the defendants’ interest in its enforcement is very real. The threat of a substantial money judgment should not be suspended indefinitely above the heads of foreclosure defendants while banks and others shop their bid around to obtain a better return on an investment gone bad.
The motion for a deficiency judgment is denied, without costs or disbursements.

 The Third Department had found an agency relationship between a Referee and purchaser so that his retention of the deed amounted to constructive delivery (National Bank v Betar, 207 AD2d 610, 612), but this case cannot be extended to the present facts.