Herrmann v Bank of Am., N.A. (2019 NY Slip Op 02391)





Herrmann v Bank of Am., N.A.


2019 NY Slip Op 02391


Decided on March 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 28, 2019

525526

[*1]JACOB HERRMANN, Appellant,
v
BANK OF AMERICA, N.A., Respondent.

Calendar Date: February 14, 2019

Before: Clark, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Mann Law Firm, PC, Latham (Matthew J. Mann of counsel), for appellant.
Winston & Strawn LLP, New York City (Jason R. Lipkin of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Supreme Court (McNally Jr., J.), entered July 28, 2017 in Rensselaer County, which, among other things, granted defendant's motion to dismiss the complaint.
In 2002, Mortgage Electronic Registration Systems Inc. (hereinafter MERS) initiated a foreclosure action against plaintiff, among others, based on a mortgage that was secured by property in Rensselaer County (hereinafter the property). Washington Mutual Bank (hereinafter WaMu) serviced the loan at the beginning of the foreclosure action and, subsequently, servicing of the loan transferred to Countrywide Home Loans, Inc [FN1]. In 2003, Supreme Court (Griffin, J.) issued a judgment of foreclosure and sale in favor of MERS. On September 3, 2008, Joseph B. Liccardi, the appointed referee, conducted the foreclosure sale at which MERS was the highest bidder; however, by way of an assignment of bid, the property was conveyed to WaMu. Thereafter, Liccardi executed a referee's report of sale and a referee's deed to that effect, although, according to counsel for MERS, a signed version of the deed does not exist because it was lost and never recorded. Eight years later, in May 2016, after a request by defendant, Liccardi executed an amended assignment of bid from MERS to defendant, an amended referee's report of sale and a new and different referee's deed transferring title to defendant, notwithstanding the 2008 conveyance to WaMu. All of this occurred without an assignment from WaMu or court approval.
In August 2016, defendant commenced an eviction proceeding against plaintiff seeking a final judgment awarding defendant possession of the property and a warrant to remove plaintiff. Plaintiff subsequently commenced, by a summons with notice, a real property action seeking a determination that plaintiff had acquired title to the property through adverse possession. By order of Supreme Court (Elliott, J.), the eviction proceeding and real property [*2]action were consolidated. After plaintiff unsuccessfully moved for a default judgment, he served defendant with a verified complaint asserting that he was the rightful owner of the property based upon adverse possession. Subsequently, plaintiff moved to dismiss the eviction proceeding due to lack of standing, and defendant moved, by order to show cause, to dismiss the real property action and grant the eviction. In July 2017, after oral argument, Supreme Court (McNally Jr., J.), among other things, denied plaintiff's motion to dismiss the eviction petition, granted the eviction in its entirety, but stayed the execution or enforcement of the warrant for several months, and granted defendant's motion to dismiss plaintiff's real property action, with prejudice. Plaintiff now appeals.[FN2]
We turn first to plaintiff's contention that defendant lacks standing to bring the eviction proceeding. We agree. The record contains a copy of a referee's report of sale signed by Liccardi on September 3, 2008 and received by the Rensselaer County Clerk's office in July 2009. According to this report, MERS was the highest bidder at the foreclosure sale and its bid was assigned to WaMu. A copy of an assignment of bid, signed by the agent for MERS on September 3, 2008 and reflecting the same thing, is also contained in the record. There is also a conformed copy of a referee's deed, signed by Liccardi and notarized on September 3, 2008, between Liccardi and WaMu (hereinafter the 2008 deed). There is no dispute that this deed was not recorded.
At oral argument, Liccardi testified that he was appointed as referee in the foreclosure action in 2003 and, consistent with the aforementioned documents, he conducted an auction of the property in September 2008 at which MERS was the successful bidder. Liccardi testified that an agent of MERS provided an assignment to WaMu and that is why he conveyed the property to WaMu and not MERS. Licardi also explained that the agent for MERS had him execute a deed at the time of the sale and provided him with a "half-conformed" copy, which he retained in his files. Liccardi also confirmed that "the bank" sent him a copy of a referee's report,[FN3] which he reviewed, signed and sent back to WaMu. Liccardi testified that the referee's report was truthful and accurate at the time that he signed it. Liccardi testified that, thereafter, in 2016, he received a letter from defendant's counsel that was accompanied by an amended deed (hereinafter the 2016 deed), an amended referee's report and an assignment from MERS to defendant. Liccardi explained that, prior to executing the 2016 deed, he did not receive any kind of affidavit or consent, in writing, from WaMu or JP Morgan Chase Bank [FN4] to transfer the property. However, Liccardi testified that he inquired as to why he was being asked to execute the new deed, and defendant's counsel told him that the 2008 deed was lost and that it had never been transferred to WaMu, which was no longer in the picture, and that defendant's counsel was requested (presumably by his client) to have the deed transferred to defendant. After this inquiry, Liccardi signed the 2016 deed naming defendant as the grantee and executed the amended referee's report provided by defendant's counsel. Liccardi testified that he believed that he had authority to execute the 2016 deed.
Despite Liccardi's good faith belief, we do not find that he had authority to execute the 2016 deed. Rather, we find that here, Liccardi's authority as referee, which was granted by virtue of the 2003 judgment of foreclosure and sale, was exhausted upon the execution and delivery of the 2008 deed (see Geddes Fed. Sav. & Loan Assn. v Ferrante, 226 AD2d 1099, 1099 [1996]; [*3]Mullins v Franz, 162 App Div 316, 318 [1914])[FN5]. Whether the original deed was incorrect, lost or not recorded is irrelevant, as Liccardi had no authority to issue the 2016 deed to defendant eight years after the sale (see Blumberg v Giorgio, 239 App Div 799, 800 [1933], affd 262 NY 650 [1933]; Mullins v Franz, 162 App Div at 318; see generally Geddes Federal Sav. & Loan Ass'n v Ferrante, 226 AD2d at 1099). Accordingly, Supreme Court erred in finding that defendant had standing to bring the eviction proceeding (see RPAPL 721) and, as such, defendant's eviction petition should have been dismissed due to lack of standing.
We turn next to plaintiff's argument that Supreme Court improperly granted defendant's motion to dismiss the real property action. We disagree. "To demonstrate adverse possession . . ., [the] plaintiff[] must show by clear and convincing evidence that the character of the possession is hostile and under a claim of right, actual, open and notorious, exclusive and continuous for the statutory period of 10 years" (Wilcox v McLean, 90 AD3d 1363, 1364 [2011] [internal quotation marks and citations omitted]; see RPAPL 501; Ray v Beacon Hudson Mtn. Corp., 88 NY2d 154, 159 [1996]). "'Reduced to its essentials, this means nothing more than that there must be possession in fact of a type that would give the [purchaser] a cause of action in ejectment against the occupier throughout the prescriptive period'" (Ray v Beacon Hudson Mountain Corp., 88 NY2d at 159, quoting Brand v Prince, 35 NY2d 634, 636 [1974]). Here, it would not have been until the time of the sale that the purchaser would have had the right to bring an eviction proceeding against plaintiff (see Ray v Beacon Hudson Mountain Corp., 88 NY2d at 159; Brand v Prince, 35 NY2d at 636 [1974]). Moreover, it was not until the sale that plaintiff was actually divested of title and his right of redemption was cut off (see 3 Bergman on New York Mortgage Foreclosures § 27.01 [5] [2018]). Therefore, we find that the statutory 10-year period did not commence until the time of the 2008 sale, rather than in 2003 when the judgment of foreclosure and sale was signed, as asserted by plaintiff (see generally Prudence Co. v 160 W. 73rd St. Corp., 260 NY 205, 210-211 [1932])[FN6]. Because 10 years had not yet passed since the time of the sale when plaintiff commenced the real property action in 2016, Supreme Court properly granted defendant's motion to dismiss. However, because this dismissal is based upon plaintiff's failure to state a claim (see CPLR 3211 [a] [7]) rather than a determination on the merits, Supreme Court's dismissal should have been without prejudice (see generally Matter of Congdon v Congdon, 200 AD2d 836, 837 [1994]; Factory Point Natl. Bank v Wooden Indian, 198 AD2d 563, 564 [1993]; compare Stiles v Graves, 143 AD3d 1215, 1216-1217 [2016]). We have examined plaintiff's remaining contentions and find them to be without merit.
Clark, J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion to dismiss defendant's eviction proceeding and dismissed plaintiff's complaint with prejudice; plaintiff's motion to dismiss granted and eviction proceeding dismissed, and plaintiff's complaint dismissed without prejudice; and, as so modified, affirmed.



Footnotes

Footnote 1: Countrywide has since transferred servicing of the loan to BAC Home Loans Servicing, LP, which is now owned by defendant.

Footnote 2: In November 2017, this Court granted plaintiff's motion for a stay pending appeal (2017 NY Slip Op 92479[U]).

Footnote 3: Liccardi provided this information by responding affirmatively to a question by Supreme Court. It is unclear who "the bank" is. However, the signed referee's report was filed in Rensselaer County in July 2009.

Footnote 4: WaMu was acquired by JP Morgan Chase Bank.

Footnote 5: We note that there is authority, though not relevant here, that allows a referee to issue and file an amended report of sale, within 30 days after completing the sale, to correct a "mistake, omission or irregularity, but [not] a matter of substance" (Blumberg v Giorgio, 239 App Div 799, 800 [1933], affd 262 NY 650 [1933]).

Footnote 6: Any contrary verbiage contained in the 2003 judgment of foreclosure and sale does not alter this conclusion (see generally Bangue Arabe Et Internationale D'Investissement v One Times Sq. Ltd. Partnership, 223 AD2d 384, 384 [1996], lv dismissed 88 NY2d 919 [1996]; 3 Bergman on New York Mortgage Foreclosures § 27.01 [5] [2018]).